## HART *vs.* THOMAS & COMPANY.

1. When a suitor having two counsel employed, goes to trial in the absence of one of them, it is not good ground for a new trial that the absence was the result of providential cause, such as serious illness of the absentee's wife, and that the client and associate counsel were not informed of such cause in time to move for a continuance, the fact being that the absent counsel might have informed them in due time, or that they, by diligent inquiry, might have acquired the information.
2. The superior court will not give leave to withdraw a claim when it appears that the statutory right to withdraw has already been exercised and exhausted in disposing of a prior claim.

Continuance. Claim. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1877.

An execution in favor of Thomas & Co. was levied upon certain realty and personalty as the property of the defendant, J. N. Hart. A claim was interposed by Mary E. Hart. The jury found the property subject. The claimant moved for a new trial upon the following grounds:

1. Because at the time this case was tried, January 31st, her leading counsel, Lanier & Anderson, were absent. Mr. Lanier was the member of the firm who always had especial charge of this case, and who was always present in her behalf when necessary. At the time of the trial he was providentially detained at home by the serious illness of his wife, which fact was known neither to herself nor her other counsel at the time her case was called.

2. Because the court refused to allow claimant to withdraw her claim.

Two affidavits of Mr. Lanier were introduced fully supporting the statements made in the first ground; but they also showed that his wife had been ill since the 2d of January, requiring his constant attention, and did not disclose any reason why this condition of affairs was not sooner made known to his client or his associate counsel.

As to the second ground, the minutes disclosed to the court that claimant had already once exercised her right of withdrawal.

The motion was overruled, and claimant excepted.

ALLEN FORT; LANIER & ANDERSON, for plaintiff in error, cited 10 *Ga.*, 85; 16 *Ib.*, 526; 33 *Ib.*, 243; 45 *Ib.*, 538.

GUERRY & SON, for defendants.

BLECKLEY, Justice.

1. If not ready for action because one of the commanders is not in position, there should be communication with the absentee, if practicable, and a postponement until he comes up. To strike for victory in his absence, and, after the field is lost, not abide by defeat, is contrary to all sound rules of forensic combat. It is more than probable, that by the use of due diligence the cause of absence might have been known in ample time to move for a continuance. There was probably both railroad and telegraphic communication open between the place where the counsel was detained and the place where the court was held, the former being Macon and the latter Americus.

2. Withdrawal of a claim is permitted by statute once only. When the right has been exercised, it is exhausted, and the second claim cannot be withdrawn.

Judgment affirmed.