McMICHAEL, administratrix, *vs.* HARDEE.

1. Where the verdict and judgment were for a given principal with $261.03 interest, and the execution stated the interest as $261.00, the variance was immaterial, and was not sufficient to warrant the rejection of the *fi. fa.* from evidence.

2. A suit having been brought by a surviving partner, judgment rendered, and execution issued in his favor, but the process attached to the declaration having stated the case in the name of the firm, on the trial of a claim case arising under levy of the *fi. fa.*, the entry of suggestion of death and order that the case proceed in the name of the surviving partner, could be entered *nunc pro tunc.*

(*a.*) This question having been submitted to the court both on the law and facts, in the absence of anything to show the contrary, we will presume that he had satisfactory evidence before him that the suggestion had been made and the order granted at the proper time, but not entered on the minutes.

SPEER, Justice.

----

BRADY *et al. vs.* BRADY, guardian.

A claimant who has once withdrawn his claim, and afterwards interposed a second claim to the same levy, cannot again withdraw it. The plaintiff in *fi. fa.* is entitled to prosecute the case to verdict. 61 *Ga.*, 470.

JACKSON, Chief Justice.

----

BELL *vs.* MORTON.

Where a suit in a justice's court was for $49.25 principal, alleged to have become due more than a year before suit, the interest attached to the principal in determining the amount claimed, and the case was appealable. Code, §2057 ; 64 *Ga.*, 684 ; 62 *Ib.* 608.

(*a.*) Accounts which by custom become due at the end of the year bear interest from that time upon the amount actually due whenever ascertained.

SPEER, Justice.