### Evans *vs.* Kilby *et al.*

A motion to reinstate a case which has been dismissed by this court for want of prosecution for providential cause, such as, that the wife of counsel for plaintiff in error was at the time of dismissal expecting to be confined and required her husband's attention, will be denied; there being no suggestion that such providential

cause arose so suddenly that counsel could not have foreseen that he ought to make an application for continuance, or filed his briefs so that the case might be heard in his absence. Especially is this true where counsel lives in a county adjoining that in which this court is held, between the county sites of which there are facilities for communication by railroad and telegraph; and where it further appears that without any change of his wife's condition, so far as was shown, counsel did attend this court on the morning of May 9th, the case having been dismissed on May 7th. (Rep.)

May 11, 1888.

Practice in Supreme Court.

Reported in the decision.

J. E. MOZLEY, for movant.

No appearance, *contra.*

BLECKLEY, Chief Justice.

This case being reached in its order, was dismissed May 7th for want of prosecution. On May 9th, counsel for the plaintiff in error made a motion to reinstate it, "because he was expecting his wife to be confined and she needed his personal attention." He supports this motion with his own affidavit, saying that his wife " is expecting to be confined with her second child, and that she has been very much excited about the matter, and for this reason he has been unable to attend the Supreme Court at the time said case was dismissed." In further support of the motion, he presents the affidavit of a physician who says that "he knows the condition of this lady, and that she is likely to be confined at any moment, and her husband is needed at home to attend her." This affidavit was sworn to on May 8th, the day after the case was dismissed. It was sworn to in Cobb county. The case is from Cherokee county, but we may infer, though it does not

affirmatively appear, that the counsel resided in Cobb, as his physician there makes the affidavit. His own affidavit was made in this county and in this court, on the 9th of May, the day the motion was presented.

The question is whether this showing is sufficient to warrant the court in setting aside a regular judgment dismissing the cause for want of prosecution; and we think the showing is not sufficient. There is no suggestion that this lady's expectation arose so suddenly that the counsel could not have foreseen that he ought to have made an application for continuance, or else filed his briefs so that the case might have been heard in his absence. We take notice of the fact, of course, that Cobb county is an adjoining one to this, and that there are facilities for communication by railroad and telegraph between Marietta and Atlanta, the use of the one requiring perhaps an hour, and the other only a few minutes; and we can see no reason why there was not some information presented to this court in due time, why the counsel could not attend to make his argument in the case. We think it was incumbent upon him, and that due diligence required that he should have made it known to this court in some appropriate way that he could not attend. And it turned out that without any change of condition, so far as we know, he did attend very soon after his case was dismissed. He was here in person on the morning of the 9th, the second day after this judgment was rendered, moving in person to have it set aside. We think it is a reasonable construction of the rule that providential cause will justify the continuance of a case if the continuance is moved for in time, or its reinstatement, if a proper reason or explanation why it was not moved for in time appears. So the motion is denied.

We cite, on the duty of counsel to give notice of conditions that will prevent attendance, *Hart vs. Thomas & Co.*, 61 *Ga.* 470.

Motion denied.