GWINN *v.* GWINN.

1. Where a motion to set aside a verdict and judgment rendered in a suit for divorce brought by a husband against his wife, upon the ground that they were obtained by fraud, was dismissed upon the ground that this motion was not the proper remedy, such adjudication would not preclude the movant from attacking the judgment in a petition properly brought and based upon sufficient grounds.

2. In the present case a showing that the plaintiff in the divorce suit, although he knew of the residence and address of the defendant, willfully and fraudulently failed to comply with the provision of § 5557 of the Code of 1910, in regard to filing a copy of the newspaper containing the notice required by the law allowing service by publication (§ 5556), and fraudulently procured an order showing service by publication in terms of the law, was sufficient to show fraud upon the part of the plaintiff in procuring the verdict and judgment. And inasmuch as this fraud was of such character as to prevent the defendant in the divorce suit from knowing of the proceedings against her, it should be classed with those frauds which deter or debar one from his action, and therefore was such as to toll the statute of limitations under the provisions of § 4380 of the Code of 1910. And it not appearing that the defendant was lacking in diligence in discovering the frauds so practiced, and that her action to set them aside was brought within the statutory period after the discovery of their existence, a demurrer on the ground that such action was barred by the statute of limitations was properly overruled.

JULY 12, 1916.

31

Equitable petition. Before Judge Bell. Fulton superior court. March 18, 1915.

Mrs. Fannie L. Gwinn filed her petition against John J. A. Gwinn, alleging as follows: She was married to the defendant in November, 1888, in Spartanburg, South Carolina, and lived in that State continuously from the date of her marriage until she moved to Atlanta in July, 1912. The defendant deserted her in 1905, and since 1907 has not contributed to her support. The desertion has been willful and continuous up to the time of filing this suit (September 3, 1914). On September 3, 1909, Gwinn filed a suit for divorce, in Fulton County, Georgia, against petitioner, in which suit it was alleged that she was a resident of South Carolina; and there was a pretended attempt to make service of a copy of this suit by publication, but, after the order was obtained authorizing service by publication, no copy of the newspaper in which the notice was published was filed in the office of the clerk of the superior court of Fulton county, and no copy of the publication was enclosed, directed, stamped, and mailed by the clerk or any deputy of said superior court, and there appears on the petition in that suit no entry of his action, as required by law. The defendant, Gwinn, knew at the time of the filing by him of his petition for divorce, the place of residence of the defendant in South Carolina. The order for publication and the order perfecting service by publication were obtained by fraud and by imposition upon the court, and Gwinn deliberately and intentionally concealed from the court the fact of his knowledge of the residence and abiding place of the defendant (petitioner); and she asks that on account of this fraud said order be set aside and declared null and void. The verdict and judgment in the divorce suit brought against her by Gwinn were obtained by fraud practiced upon the court, and are not valid and binding. The petitioner did not know of the existence of the suit brought by Gwinn, or of the verdict and decree therein, until after her removal to Atlanta in July, 1912. She prays: for process; for a total divorce from the defendant; for an injunction restraining him from selling or encumbering his property or withdrawing his money from the bank; for the appointment of a receiver; that the order in the suit for divorce brought by him, authorizing service by publication, and the order declaring the service to be perfected, be revoked and set

aside; and that the verdict and decree in that suit be declared null and void; and for alimony for herself and minor children. To this petition the defendant demurred on the ground that the decree of divorce granted in the suit brought by him had been rendered more than three years prior to the bringing of the present suit, and that the verdict and decree could not be set aside upon motion. He also filed a plea of res adjudicata on the ground that on August 13, 1912, the plaintiff in the present action filed a motion to set aside the judgment rendered on October 5, 1910, in the divorce suit brought against her, that this motion contained practically the same grounds for setting aside the decree of divorce as those set forth in the present petition, and that this motion to set aside was dismissed upon a general demurrer on November 5, 1912. By consent the demurrer, the plea of res adjudicata, and the petition for alimony were heard at the same time. The judge overruled the demurrer, and, after hearing evidence, overruled the plea of res adjudicata.

*Munday & Cornwell,* for plaintiff in error.

*McCallum & Sims* and *Bachman & Simmons,* contra.

BECK, J. (After stating the foregoing facts.)

1. We are of the opinion that the court properly overruled the plea of res adjudicata. It is true there had been a motion to set aside the verdict and decree of divorce granted in the suit brought by John J. A. Gwinn against his wife, and that this embraced substantially the same grounds for declaring that verdict and decree void as those set forth in the present petition. But the evidence shows that the motion to set aside was dismissed, on the motion of counsel for Gwinn, upon the ground that this was not the proper remedy, "and on the further ground that there was no process attached to the same." That being true, the right of the petitioner in the present case to have set aside the verdict and decree granted in the suit of her husband, because it was obtained by fraud practiced upon the court, when properly presented to the court, has not been passed upon and adjudicated. In the present case the contention of the wife that the verdict and decree alleged to be null and void should be set aside is presented in a regular petition asking for other relief, and praying for process and appropriate equitable remedies. The first attack upon the verdict and decree secured by her husband was never heard upon its merits,

and the dismissal of that motion upon the grounds advanced when it was heard will not preclude the wife from a hearing upon the same grounds when properly presented in an equitable petition.

2. The ruling in the second headnote disposes of the question made by the demurrer based on the statute of limitations.

*Judgment affirmed. All the Justices concur.*