SMITH *v.* SMITH.

No. 8298. NOVEMBER 11. 1931.

*Roberts & Vandiviere,* for plaintiff.
*Dorsey & Burtz,* for defendant.

BECK, P. J. Susan Smith, a resident of New Haven, Connecticut, filed her petition against Wiilliam J. Smith, a resident of Gilmer County, Georgia, alleging as follows: On August 23, 1928, the defendant filed a suit for divorce in the superior court of Gilmer County, against Susan Smith. Process was issued, requiring her to appear at the next term on the second Monday in October, 1928. A return by the sheriff, on August 23, 1928, recited search and failure to find the defendant in that suit, and averred that she resided without the limits of the State of Georgia. In the original petition it was alleged that she resided in the State of Connecticut. An order was passed on August 23, 1928, by the judge of the superior court, providing for service on the defendant in the divorce suit by publication, and an advertisement

was carried in a paper in Ellijay, the county seat of Gilmer County, and subsequently an order was entered declaring service perfected. The parties were married in New Haven, Conn., in 1909. From said date the wife continuously resided in New Haven, Conn., and her place of residence and street address were known to the defendant at the time he filed the petition for divorce; and the pretended attempt to make service by publication was void and of no force and effect, because no copy of the newspaper in which the notice was published was filed in the office of the clerk of the superior court of Gilmer County, and no copy of the publication was enclosed, directed, stamped, and mailed by said clerk or any deputy in his office to the defendant therein, and there appeared on said petition no entry of such action by said clerk or his deputy, as required by law. The order declaring service perfected was obtained by fraud and imposition, because Smith deliberately and intentionally concealed from the court the fact of his knowledge of the residence and abiding place of his wife; and the verdict and judgment were obtained by fraud practiced upon the court, and are not valid. For a long time previously the petitioner (wife) had been paid half of a pension awarded to W. J. Smith by the Bureau of Pensions in the Department of Interior of the United States, and the first information petitioner had of the suit for divorce brought against her was from said department, advising that a certified copy of said decree had been filed with it, and that her interest in said pension terminated. She made no appearance in the divorce suit, did not plead, never waived service, had no knowledge of its existence until after the decree, and she had a meritorious defense to such action, and no ground of divorce existed in favor of W. J. Smith. She never received any copy of the newspaper containing notice regarding the action for divorce, and had no knowledge thereof until that given by the Pension Department in Washington. The present action was brought to the next term of court after this knowledge had been obtained. Petitioner prayed that the order declaring service perfected by publication be revoked and set aside, and that the verdict and decree be declared to be null and void.

The defendant answered, admitting that the plaintiff was a nonresident of Georgia, but for want of information neither admitted nor denied her alleged street address in New Haven, Conn. He

admitted all other allegations contained in the petition, except that he denied he knew the address of the plaintiff at the time the suit was filed by him, and denied that she had a meritorious defense to his suit for divorce. Upon the trial the jury returned a verdict for the defendant. The plaintiff moved for a new trial upon the general grounds. The court overruled the motion, and the plaintiff excepted.

After considering the pleadings and the evidence in the case, we are convinced that the undisputed facts require the grant of a new trial. In the Civil Code, § 5556, provision is made for service by publication in all cases where the defendant or other party resides out of this State, and it is necessary to perfect service upon such person by publication. And in § 5557 it is provided: "In all cases where the residence or abiding-place of the absent or nonresident party is known, the party obtaining the order shall file in the office of the clerk, at least thirty days before the term next after the order for publication, a copy of the newspaper in which said notice is published, with said notice plainly marked; and thereupon it shall be the duty of said clerk at once to inclose, direct, stamp, and mail said paper to said party named in said order, and make an entry of his action on the petition or other writ in said case. When publication is ordered, personal service of a copy of the petition, process, and order of publication, out of the State, shall be equivalent to deposit in the post-office, when proved to the satisfaction of the judge, by affidavit or otherwise." In this case these provisions were not complied with. The defendant in this case contended in his answer and stated in his testimony that he did not know the place of residence of the defendant in the divorce suit at the time he filed his suit for divorce. He contended further that the provisions of § 5557 do not apply in such a case.

Susan Smith lived in New Haven, Conn., at the time she was married, and continued to live in that city, and her name was in the city directory. It may be true that at the moment of filing the divorce suit the plaintiff therein did not actually know where his wife lived; and so far as that is concerned, he could have truthfully sworn the next day after they separated that he did not "actually know where she lived," for she might have left the city of her residence in fifteen minutes after he left. But he knew that

a person living in a certain town, who had manifested no purpose of removing therefrom, was still a resident of that place. In addition to that, the pension awarded to him by the United States Government was being sent regularly to his wife at her home in New Haven. He had nothing to do but to write a letter to New Haven, or send a telegram or a postal-card, and he could have found out if she was still living in New Haven. If he received no answer to his letter or postal-card, he could have inquired of the Pension Department at Washington. Where knowledge could be so easily obtained, so certainly obtained, one is chargeable with knowledge. In *Gwinn* v. *Gwinn*, 145 *Ga.* 481 (89 S. E. 574), it was said: "In the present case a showing that the plaintiff in the divorce suit, although he knew of the residence and address of the defendant, willfully and fraudulently failed to comply with the provision of § 5557 of the Code of 1910, in regard to filing a copy of the newspaper containing the notice required by the law allowing service by publication (§ 5556), and fraudulently procured an order showing service by publication in terms of the law, was sufficient to show fraud upon the part of the plaintiff in procuring the verdict and judgment." See *Millis* v. *Millis*, 165 *Ga.* 233 (140 S. E. 503). See also *Williams* v. *Batten*, 156 *Ga.* 620 (119 S. E. 709), wherein this court said, in part: "It is well settled, of course, that a personal judgment can not be obtained against a non-resident, because the courts of this State can not by service acquire jurisdiction of the person; and our statutory provisions as to service by publication, which are applied in proceedings in rem or quasi in rem, must be most strictly followed. As is said in 32 Cyc. 467, 'Statutes everywhere exist authorizing constructive service of process by publication in certain cases where personal service can not be had. These statutes are in derogation of the common law, and hence are to be strictly construed and literally observed.' The necessity of strict construction under our statutes is more apparent when it is considered that service may be perfected if a copy of the newspaper in which the statutory notice is published is enclosed, directed, stamped, and mailed by the clerk, even though such notice is never in fact received by the party sought to be served. The statute relies and depends solely upon the presumption that the United States Government will deliver mail entrusted to it for safe-carriage and delivery." More-

722

over, it is a principle in our law that ignorance of a fact due to negligence is equivalent to knowledge, in fixing the rights of parties. Outside authorities might be quoted here as pertinent to the ruling we are making, but we think it is not necessary to cite them. Under the facts in the record and the allegations in the petition, the court should have granted a new trial.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*