### STILES *v.* STILES.

No. 11466.   October 14, 1936.

*John I. Kelley* and *Edith Campbell,* for plaintiff in error.

*Alston, Alston, Foster & Moise,* contra.

BECK, Presiding Justice. The plaintiff filed his petition for divorce on April 13, 1935, and alleged that "the defendant is a non-resident of the State of Georgia, and, as your petitioner alleges upon information and belief, is a resident of Long Beach, California." This petition was verified, the plaintiff thus disclosing to the court by his affidavit that his information was that the defendant's residence or abiding place was Long Beach, California. Section 81-206 of the Code provides for perfecting service by publication where the defendant resides out of the State. The fact of non-residence must be made to appear to the court, and thereupon the notice shall be published as prescribed. On April 15, 1935, the court ordered service perfected by publication. Section 81-207 of the Code makes a further requirement when service is attempted by publication upon a non-resident in the event the residence or abiding-place of the non-resident is known. In such instances, in addition to the published notice, a marked copy of the newspaper must be mailed by the clerk to the party at the residence or abiding place as shown, and the clerk must make an entry of his action in so doing upon the petition or other writ.

In the present case a marked copy of the newspaper containing the notice should have been mailed thirty days before the July term, in order to comply with the statute. This was not done; and the question is whether failure to do so was so jurisdictional in character as to make the judgment obtained in the case void and of no effect whatever. It is only in cases where the residence or abiding-place is known that the marked copy must be mailed. The knowledge of the plaintiff is therefore a matter of inquiry. If, for example, the affidavit attached to the original suit against a non-resident should allege non-residence, and nothing more, and if it could be made to appear later as a fact that the plaintiff did know, or after proper inquiry could have ascertained, the residence or abiding-place of the defendant, the failure to give that information to the court and procure the clerk to mail the copy would

render void the judgment obtained in such proceedings. But that is an issue of fact which may be inquired into upon proper allegation. The present case presents no such issue. By his affidavit the plaintiff says that the defendant was a resident of a named place, Long Beach, California. He should have required the clerk to mail the notice, a marked copy of the newspaper, to that place. Admittedly this was not done, and his failure to do so within thirty days from the July term rendered void the judgment later procured, under the authority of *Millis* v. *Millis,* 165 *Ga.* 233 (140 S. E. 503). In that case the plaintiff procured an order to serve the defendant by publication, upon it appearing to the court at his instance that the defendant was a resident of Cleveland, Ohio. The marked copy of the newspaper containing the notice was sent to Cleveland, and proper entry was made by the clerk. The defendant contended, in a subsequent attack upon the judgment, that the plaintiff knew more respecting her residence and abiding-place than he informed the court about, namely, that he not only knew that she resided in Cleveland, but he also knew her street address, and that he withheld that information. In the opinion the court pointed out that if as a fact the plaintiff knew the local address of the defendant, it was his duty to give that information and require the notice to be mailed there, and that failure to do so rendered the judgment void. The basis of the holding in the *Millis* case is that the requirements of §§ 81-206 and 81-207 are jurisdictional, and they must be "strictly and literally complied with." This court said: "We have seen that the requirements of our statute, and especially those which are jurisdictional, must be strictly and literally complied with. Non-compliance with such of these requirements as are not jurisdictional can be taken advantage of before judgment, but does not render the judgment void. Compliance with those requirements which are jurisdictional must be had before judgment. Failure to comply with such requirements before judgment renders the judgment void. This brings us to inquire whether the order adjudging that perfection of service by publication had been effected, and the entry of such order upon the petition by the judge before trial, are jurisdictional. Service of the notice, both by publication and by mailing it to the non-resident defendant, is jurisdictional. Lack of either one would render the judgment void."

It is true that the allegations in the *Millis* case left open the question whether the plaintiff did know the local address. If he knew it and did not cause the notice to be mailed thereto, the judgment was void. If he did not know it, and only knew Cleveland as the address, that was all the law required of him, and the service was good. In the present case, however, there can be no dispute as to what the plaintiff did know when he filed his suit. By his affidavit he says that the defendant was a resident of Long Beach, California. Having that knowledge, from whatever source derived, it was his duty to furnish it to the court. He furnished it, and it was then his further duty to see that the notice was mailed by the clerk to that address; and in the absence of such mailing, no jurisdiction of the defendant was ever obtained. It is no answer to say that the plaintiff's failure to have the notice mailed by the clerk was due to the fact that he now knows that the defendant did not reside in Long Beach, and was not abiding there at the time the petition was filed or at any time thereafter. In other words, he seeks to raise a question of fact with respect to the residence or abiding-place of the defendant at the time the suit was originally filed. But the question is, not whether in fact the defendant was residing at Long Beach or not, but what knowledge the plaintiff had of the defendant's residence or abiding-place. Absolute knowledge is not required. Knowledge to the best of his information and belief is all that is necessary; and this he furnished to the court by his affidavit attached to his petition; and it was then his duty to have the clerk mail the notice to the address given.

The question which this record presents is one of law. The facts are not in dispute. The suit was brought to the July term, 1935. A copy of the paper containing the notice was not mailed until September 25, and was not then mailed to Long Beach, California, but to Seattle, Washington. "Service before judgment is the general rule of procedure. . . In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its

vitality, and the effect mentioned does not result." *Stallings* v. *Stallings*, 127 *Ga.* 464, 466 (56 S. E. 469, 9 L. R. A. (N. S.) 593). The failure to mail the paper within the time required by the statute and the failure to mail it to the address given in the petition constituted jurisdictional defects, and rendered void the verdict and judgment thereafter entered; and this may be declared by the court without the aid of an inquiry before a jury. The mailing of a paper after the statutory period for mailing, to wit, thirty days prior to the next term, and to a place other than the place of residence given in the petition, had the same effect as though process had issued and had not been served in time for the term to which it was returnable, and was null and void, and there was no pending suit at the time the verdicts and judgment were taken. *City Bank & Trust Co.* v. *Graf*, 175 *Ga.* 340 (165 S. E. 238). See also *Parish* v. *Parish*, 32 *Ga.* 653; *Love* v. *National Liberty Insurance Co.*, 157 *Ga.* 259 (121 S. E. 648); *Joyner* v. *Joyner*, 131 *Ga.* 217, 223 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220). "In order for the court to obtain jurisdiction of the defendant, he must not only have been served in the manner pointed out by law, but there must be a legal return of such service." *Wood* v. *Callaway*, 119 *Ga.* 801, 803 (47 S. E. 178). Further, the Code, § 81-207, requires the clerk, after mailing the paper, to "make an entry of his action on the petition or other writ in said case." There is no such entry on the petition or other writ in this case. In fact it is admitted that no paper was mailed until September 25, and that the entry then made showed the paper was mailed, not to Long Beach, California, but to Seattle, Washington. In view of the facts appearing on the face of the record, and of the authorities which we have cited, the judgment of the court below must be

*Affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*