## ROBERTSON *v.* ROBERTSON.

No. 14619. SEPTEMBER 10, 1943.

*Arthur F. Copland,* for plaintiff in error.

*Ed Wohlwender* and *Lanham & Parker,* contra.

WYATT, Justice. ■ The present suit is a direct and independent proceeding in equity to set aside the first and second verdicts and the decree of divorce granted to the defendant and against the petitioner, as null and void because of the fraud of the defendant in obtaining the divorce. The first question to be considered is the allowance of the amendment over the objection that the petition failed to set out a cause of action sufficient in form and substance to admit an amendment. A declaration, whether at law or in equity, may be amended at any stage of the proceeding in matter of form or of substance, provided there is in it enough to amend by. Code, § 81-1301. The general rule as to what constitutes enough to amend by was so clearly announced in *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809), that it was later codified (§ 81-1302) as follows: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." As was stated in *Rowland Co.* v. *Kell Co.,* 27 *Ga. App.* 107, 109 (107 S. E. 602), there have been so many interpretations of this section by this court that little difficulty should be encountered in determining when a proposed amendment to a petition is legally permissible, and that a "proper

construction and application of the sections of the Code above referred to would be sufficient for determining the question" here involved. The declaration in the present case in its original draft, while somewhat lean and meager, is not so bereft of allegations essential to show the design of the pleader and the transaction or subject-matter of the cause declared upon. It contains the three necessary classes of substance, viz., parties, jurisdiction, and subject-matter. The subject-matter was the fraudulently obtaining by the defendant of a divorce. It is of course necessary that a substantial cause of action appear; otherwise there is not enough to amend by. And as to the requirements of the law of pleading, a substantial cause of action is stated if the facts alleged are sufficient to identify a particular legal right belonging to the plaintiff, and a violation of that right by the defendant resulting in some form of loss or damage to the plaintiff. *Ellison* v. *Georgia Railroad Co.*, supra; *Rowland Co.* v. *Kell Co.*, supra; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318). Measured by these rules, the declaration set out a substantial cause of action, at least one sufficient to indicate and specify the particular transaction complained of, so as to make it amendable.

The amendment allowed was germane, and did not set out a new and distinct cause of action. The petition sought to have the alleged divorce decree declared null and void because of fraud. The amendment amplified the allegations of the petition by setting out where and when the divorce was granted. It was explanatory of the alleged fraud practised by the defendant in keeping the plaintiff in ignorance of the pendency of the divorce action. It has recently been said by this court, in *Owens* v. *Owens,* 190 *Ga.* 191, 193 (8 S. E. 2d, 644): "A proper test of whether or not a declaration contains enough to amend by requires a consideration of (1) the declaration, (2) the law related to that action, and (3) the offered amendment. If the offered amendment spans the chasm between the declaration and the requirements of the law, the declaration is amendable in the manner offered by such amendment." That is what the amendment did in the present case, and it was properly allowed.

■ Since the demurrer to the petition was filed after the filing and allowance of the amendment, and in view of the statement in the bill of exceptions that "the court entered upon said objection

and demurrers an order and judgment . . overruling defendant's general demurrer to plaintiff's petition and amendments," the demurrer will be treated as having been directed to the petition as amended. Equity will set aside by decree a judgment obtained by the fraud of the adverse party, if the petitioner is without fault or negligence. Code, §§ 37-219, 110-710. The fraud complained of in the present case was the procuring by the defendant of a divorce without serving the petitioner with process or obtaining an acknowledgment thereof, and the continued cohabitation of the parties until the day before the actual granting of the divorce, and the act of the defendant during such cohabitation in keeping his wife in ignorance of the pendency of the divorce action. This alleged conduct on the part of the defendant in concealing from his wife the fact that he had instituted a libel for divorce against her was a rank fraud. Two concurrent verdicts of two juries, at different terms of court, are necessary to the granting of a total divorce. Code, § 30-101. If the defendant obtained his final verdict and decree of divorce on November 2, 1942, that being the day next after the day he took his wife to Rome and left her with her parents, he perforce was living with his wife at Columbus when the first verdict was granted, since it necessarily was rendered at some term previously to the term at which the final verdict and decree were granted. The facts alleged were sufficient as grounds of fraud for setting aside in equity the verdicts and decree of divorce. See *Millis* v. *Millis,* 165 *Ga.* 233 (140 S. E. 503); *Smith* v. *Smith,* 173 *Ga.* 718 (161 S. E. 254); *Haygood* v. *Haygood,* 190 *Ga.* 445 (5) (9 S. E. 2d, 834, 130 A. L. R. 87).

■ In another ground of demurrer, not argued in the brief of the plaintiff in error, it is insisted that the petition should be dismissed as being a suit for recovery of temporary and permanent alimony by virtue of a marriage that had been dissolved by a divorce. The demurrer is aimed at the petition as a whole, without specially attacking it in any particular. Having held that the allegations of fraud in the procurement of the divorce stated a cause of action for setting aside in equity the decree of divorce, the action will not be dismissed upon other grounds of general demurrer, even if otherwise good, which go to the petition as a whole: *Carolina Construction Co.* v. *Branch,* 164 *Ga.* 837 (3 *a*) (139 S.

522

E. 676); *Terry* v. *Chandler,* 172 *Ga.* 715 (158 S. E. 572); *Shingler* v. *Shingler,* 184 *Ga.* 671, 672 (192 S. E. 824).

There was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*