STEELE *v.* STEELE.

No. 16128. MARCH 19, 1948. REHEARING DENIED MARCH 31, 1948.

*S. W. Fariss*, for plaintiff in error.

*Gleason & Painter*, contra.

HEAD, Justice. ■ The defendant in error filed a motion to dismiss the bill of exceptions, on the grounds that the plaintiff in error has not incorporated in the bill of exceptions the written evidence introduced by the defendant, has not made a brief of so much of the evidence as is necessary to a clear understanding of the errors complained of, approved by the trial judge, and there has been no compliance with the provisions of the Code, §§ 6-801 and 6-802. The bill of exceptions specifies as material to the errors complained of, the pleadings in the action to vacate and set aside the divorce decree, and the original pleadings in the divorce action, which constitute all the documentary evidence introduced. While the unsigned entry of the clerk, to wit: "Copy of citation mailed defendant at Mobile, Alabama, 12-30-'46, ——————————, Clerk," is not directly specified, it appears in both the bill of exceptions and in the record, duly certified to this court by the clerk of the superior court, as a part of the original divorce action. This court is not in doubt as to what part of the record was relied upon by the defendant in error in the court below, and this record is properly before the court. The motion to dismiss is denied. See *Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374 (50 S. E. 124); *Norman, Timmons & Co.* v. *Smith*, 131 *Ga.* 69 (61 S. E. 1039).

■ If the plaintiff in a divorce action knows the residence and address of the nonresident defendant and wilfully and fraudulently fails to comply with the provisions of the Code, § 81-207, in regard to filing a copy of the newspaper in cases of service by publication, and fraudulently procures an order showing service by publication, the divorce decree may be set aside. *Gwinn* v. *Gwinn*, 145 *Ga.* 481 (89 S. E. 574). The requirements of § 81-207 as to filing and mailing the copy of the newspaper containing the published notice are jurisdictional, and failure to comply therewith renders the judgment void. *Millis* v. *Millis*, 165 *Ga.* 233, 241 (140 S. E. 503); *Stiles* v. *Stiles*, 183 *Ga.* 199, 204 (187 S. E. 870).

In this case, Mrs. Steele relied upon her affidavit, attached to her petition to vacate and set aside the divorce decree, to prove her allegations that the defendant (plaintiff in error) had falsely and fraudulently given her address as General Delivery, Mobile, Alabama, when he knew that she received her mail at a stated street address. The defendant in his answer alleged that he did cor- respond with her, and that his letters were addressed to her at General Delivery, Mobile, Alabama. The issue thus made by the pleadings made a question of fact for determination by a jury.

In support of her allegation that the newspaper was not filed and not mailed to her, she relied upon her affidavit and the un- signed entry appearing on the original divorce action as follows: "Copy of citation mailed defendant at Mobile, Alabama, 12-30- '46, ————————Clerk." The clerk of the court and the attorney for the defendant both testified in his behalf that they had no independent recollection of mailing the paper, but the attorney testified that the entry was drawn in his handwriting, and that he would not have drawn it had he not known at the time that the notice was mailed. It appears from the petition, and from the original divorce action which was introduced in evidence, that the trial judge had signed an order declaring service perfected prior to the judgment and decree of divorce. This adjudication by the trial judge that service had been perfected is like the return of an officer of service, not jurisdic- tional. Jurisdiction is dependent upon service and not upon proof, but the judge's order furnishes proof of service. *Millis* v. *Millis*, supra. The Code, § 81-208, makes it the duty of the trial judge to determine whether such service has been perfected, and to enter an order showing service, and until the contrary is clearly proved, the trial judge is presumed to have performed his official duty and not to have exceeded his authority. *Fine* v. *Dade County*, 198 *Ga.* 655, 663 (32 S. E. 2d, 246), and cases cited. See also *Granniss* v. *Irvin*, 39 *Ga.* 22; *McMichael* v. *Hardee*, 68 *Ga.* 831; *Gibson* v. *Patterson*, 75 *Ga.* 549; *Livingston* v. *Hudson*, 85 *Ga.* 835 (12 S. E. 17); *Schulze* v. *Schulze*, 149 *Ga.* 532, 534 (101 S. E. 183).

Whether or not the defendant in error would be heard to deny

the validity of the divorce decree, if, as alleged by the plaintiff in error in his response to the motion to vacate, she acted upon it and married another man, is a question not before this court. But the presumption in favor of the validity of the order of the trial judge declaring service perfected stands until overcome by competent evidence. If, upon proper issues duly submitted to them, the jury should find that the plaintiff in error did wilfully, falsely, and fraudulently conceal the correct mailing address of the defendant in the divorce action, or that service was not in fact perfected as provided by the Code, § 81-207, the trial judge would be authorized, and it would be his duty to vacate and set aside his order declaring service perfected upon the defendant and to enter judgment vacating and setting aside the divorce decree.

Counsel for the defendant in error cite *Stiles* v. *Stiles,* supra, as controlling in this case. An examination of the *Stiles* case will show clearly that it is not in point on its facts. In the *Stiles* case there was neither an original nor a nunc pro tunc order declaring service perfected. In that case the plaintiff in the divorce action had sworn that the defendant's address was Long Beach, California, and the notice, which was not mailed within the time provided by law, was mailed to Seattle, Washington. This court stated that these facts were not in dispute, and held that there was no question for jury determination.

The bill of exceptions in this case clearly shows that counsel for the plaintiff in error made the contention before the trial judge that there were issues of fact for determination by a jury. This contention is correct, and the case is controlled by *Millis* v. *Millis,* supra, where this court held that there were questions of fact to be determined by a jury.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*