BINGHAM *v.* CITIZENS & SOUTHERN NATIONAL BANK
*et al.*, trustees.

No. 16499. APRIL 11, 1949. REHEARING DENIED MAY 12, 1949.

*Pierce Brothers*, for plaintiff.
*Fulcher & Fulcher*, for defendants.

HEAD, Justice. Giovanni Gregorini Bingham brought a petition for a declaratory judgment, against trustees under the will of Henry B. King, in which he contended that there is a controversy between him and the trustees as to the nature of the estate devised to him by the testator, the trustees contending that he has an estate for life, and the petitioner contending that he has a fee-simple title. The petition, as amended, with exhibits, shows two former proceedings in the Superior Court of Richmond County, adjudicating, among other things, the nature of the estate devised to Bingham under the will of Henry B. King. Bingham states that the first proceeding was not binding on him because he "was not properly served." He alleges that the second proceeding is void because the petition was brought by trustees for

the purpose of obtaining a construction of a will, which was in the nature of a petition for a declaratory judgment, and not maintainable by trustees at that time (1938), prior to the enactment of the Declaratory Judgments Act. The only prayer for relief is that the court enter a declaratory judgment or decree determining the rights of the petitioner in the premises. The trial court sustained general demurrers to the petition, and the exception here is to that judgment.

By an examination of the exhibits attached to his petition it appears that the first proceeding which adjudicated the rights of Bingham was brought by the executors of the estate of the testator, and the decree of the court recites that service was perfected on all of the defendants. The executors alleged that Bingham resided at 32 via Barberia, Bologna, Italy. Process on the petition of the executors was duly affixed on January 5, 1933, returnable to the March term, 1933, of Richmond Superior Court. An order for service by publication on nonresident defendants was entered on January 7, 1933, and the citation for publication was issued on the same date. The certificate of the clerk shows that a copy of the newspaper containing the published notice (to be served on nonresident defendants) was mailed to Bingham on January 12, 1933, to Bologna, Italy.

Counsel for Bingham apparently rely upon the case of *Stiles* v. *Stiles,* 183 *Ga.* 199 (187 S. E. 870), to support their contention that he "was not properly served," and that the former judgment is therefore void. In the *Stiles* case, which was a divorce action, it appears that the plaintiff in the divorce proceeding had sworn that the defendant's address was Long Beach, California, but the notice was mailed to Seattle, Washington, and was not mailed within the time provided by law. This court pointed out that these facts were not in dispute, and held that the divorce proceedings were void. The *Stiles* case is not in point on its facts with the present case.

In this case it is not contended that the address of Bingham as stated by the executors in their petition for a construction of the will was incorrect. The citation was mailed by the clerk more than six weeks prior to the time the case was to be called for trial. The clerk's certificate shows that the citation was mailed

to the city and country where Bingham was alleged to reside. Bingham does not allege that he did not, in fact, receive the citation, nor does he allege that he was not served. He alleges that he "was not properly served," and bases this contention on the failure of the clerk to include in his certificate the street address as shown in the petition of the executors.

On general demurrer the plaintiff's petition must be construed most strongly against him, and construing the allegations of Bingham's petition most strongly against him, his petition does not show any failure of service on him by reason of his street address not being included in the certificate of the clerk of the superior court. It is the duty of the trial judge under the Code, § 81-208, to determine whether or not service has been perfected on all defendants. If the judge is satisfied that service has been perfected, it is his duty to so recite in a proper order. The decree in the case, construing the will of the deceased on the application of the executors, recites that service has been perfected on all of the defendants as provided by law. The trial judge is presumed to have performed his official duty and not to have exceeded his authority. *Steele* v. *Steele*, 203 *Ga.* 505, 508 (46 S. E. 2d, 924), and cases cited. The allegations of Bingham's petition are not sufficient to overcome the presumption that service was duly perfected, where this fact is recited in the decree of the court. The petition does not contain any prayer to vacate or set aside the former judgment, but rather seeks by a declaratory judgment to have it treated as a mere nullity. The jurisdictional defect alleged is insufficient to show that the former judgment is a nullity.

The second judgment, construing the rights of Bingham under the will of Henry B. King, was at the instance of the trustees under the will. Bingham acknowledged service of the petition in that proceeding, and it appears that he consented to the judgment in that case. Henry B. King died a resident of Richmond County, and the superior court of that county was a court of competent jurisdiction to construe his will. In the first judgment of the court construing the will of the testator, direction was given to the trustees named in the will with reference to a number of items. Whether or not the direction given in that case was of

such a nature as to authorize the trustees to bring a proceeding to amplify, construe, or enlarge upon the former judgment or decree, need not be determined. Bingham's petition does not show that any application was made to vacate or set aside the judgment procured at the instance of the trustees within the statute of limitations (Code, § 3-702). No fraud is alleged in the judgment procured by the trustees, and Bingham, having acquiesced in that judgment, may not now procure a judgment of the court which would in effect disregard it as being null and void.

Bingham contends that in both former judgments the court stated that it was retaining jurisdiction of the cause, and that the judgments are therefore not conclusive as to his rights. An examination of the proceedings can lead to but one conclusion. Jurisdiction was sought to be retained to settle doubtful questions that might arise in the future, and not to reverse adjudications previously made.

The Declaratory Judgments Act (Ga. L. 1945, p. 137) does not nullify statutes of limitations and established principles of law, so as to authorize a petitioner to brush aside previous judgments of the same court, and seek a determination of his rights as if they had never been adjudicated. Compare: 16 Am. Jur. 295, § 23; Shearer v. Backer, 207 Ky. 459 (269 S. W. 543); Ferree v. Ferree, 273 Ky. 238 (115 S. W. 2d, 1055); Williamsport v. Williamsport Water Co., 300 Pa. 439 (150 Atl. 652).

The trial court properly sustained the demurrers to the petition.

*Judgment affirmed. All the Justices concur.*