19648.   HOMBURGER *v.* HOMBURGER.

ARGUED APRIL 9, 1957—DECIDED MAY 15, 1957—REHEARING
DENIED JUNE 12, 1957.

346

*Marvin O'Neal, Jr.,* for plaintiff in error.

*A. D. G. Cohn, A. S. Grove,* contra.

HEAD, Justice. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code § 110-709.

In the present case the plaintiff contends that the judgment rendered in Fulton Superior Court, granting a total divorce between the parties, is void because the court rendering the judgment had not acquired jurisdiction by service upon her in the manner provided by law.

Code § 81-206 (as amended, Ga. L. 1946, pp. 761, 770) provides that in actions for divorce, where the defendant shall reside out of the State, the judge, either in term or vacation, may order service to be perfected by publication in the paper in which the sheriff's advertisements are printed, twice a month for two months. This section also provides what the notice shall contain. Section 81-207 (as amended, Ga. L. 1946, pp. 761, 771) provides that, where the residence of the nonresident defendant is known, the party obtaining the order shall file with the clerk of the court, at least thirty days before the term next after the order for publication, a copy of the newspaper, with the notice plainly marked, and it shall be the duty of the clerk to properly mail the paper to the party named in the order, "and make an

entry of this action on the petition or other writ in said case."
Section 81-208 provides that, where service by publication is
ordered, it shall be the duty of the judge before the trial to
determine whether such service has been perfected, and to enter
an order showing service, which shall be entered on the minutes
of the court.

Compliance with the provisions of the above Code sections is
necessary to give the court in which the proceeding is filed juris-
diction of the case. If, without so complying, the plaintiff pro-
ceeds to try the case and have the court enter a decree, "such a
decree is void, and at the suit of the defendant upon whom
service has not been perfected, to have the decree declared void,
the decree should be set aside." *Stiles* v. *Stiles*, 183 *Ga.* 199, 200
(187 S. E. 870); *Parish* v. *Parish*, 32 *Ga.* 653; *Gwin* v. *Gwin*, 145
*Ga.* 481 (89 S. E. 574); *Millis* v. *Millis*, 165 *Ga.* 233 (140 S. E.
503); *Smith* v. *Smith*, 173 *Ga.* 718 (161 S. E. 254); *Steele* v.
*Steele*, 203 *Ga.* 505 (46 S. E. 2d 924). In the present case the
facts alleged are not in point with the facts in any of the above
cases.

It is not contended that the statutory notice was not published,
that the newspaper was not filed as required, or that the clerk
failed to make an entry on the petition as to mailing as required
by statute. The sole contention is that the defendant could have
known of the petitioner's street address by making inquiry, and
that "he therefore knew, or could have, would have, or ought to
have, in the exercise of ordinary care and diligence, known by
making inquiry." "An allegation in a petition that a person
knows or by the exercise of ordinary care ought to know a given
fact is not an allegation of actual notice of such fact." *Central
of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (2) (89 S. E. 841).

It is alleged that the plaintiff in the divorce action (the de-
fendant in this case) swore that he "does not now know and has
never known the street address of said defendant." This was all
that the law required of him. Code (Ann.) § 81-207. *Stiles* v.
*Stiles*, 183 *Ga.* 199, supra. The divorce action does not show
any fatal legal deficiency upon the face of the proceedings, and
the verdict and decree of divorce are not "null and void" as
contended.

"If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Code § 3-807. In the present case it is alleged that the "petitioner first learned, on December 15, 1941, that a decree and judgment" of divorce had been obtained by the defendant. No attempt is made to justify or explain the long delay in bringing the present action. From the facts alleged, no legal or equitable justification for the delay is shown.

It was not error to sustain the grounds of the renewed demurrers, which attacked the petition for the deficiencies herein indicated. The petitioner's cause being barred by her acquiescence and long delay beyond the statute of limitations, the other grounds of demurrer require no ruling.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*