## 23516.   HARDEE v. HARDEE.

MOBLEY, Justice.   This appeal is from an order of the Superior Court of Chatham County overruling defendant's general demurrer to an amended petition seeking temporary and permanent alimony and attorneys fees.   Petitioner alleged that defendant, her husband, deserted her in December 1965, that she is unable to support herself, that defendant left unpaid

certain debts and that utility services have been or are being discontinued because of defendant's refusal to pay, that defendant abandoned her without any cause or reason on her part, and that defendant earns in excess of $100 per week. Petitioner also alleged in paragraph 10 of her original petition that "Plaintiff brings this petition asking for permanent alimony against the said defendant for the support of herself in amount of $100 per month; that defendant be required to pay a reasonable amount as attorney fee for filing and prosecuting this suit; and that like amounts be allowed for temporary alimony.

"Wherefore, petitioner prays that process issue in terms of the statute in made and provided, requiring said defendant to answer this complaint; and also that an order be entered requiring said defendant to show cause at such time and place as fixed by the court why he should not pay alimony and counsel fees as herein provided." Petitioner amended the prayers of her petition to pray for permanent alimony as well as for temporary alimony and attorneys fees. *Held:*

1. Appellant's contention that the demurrer should have been sustained because the petition failed to show that there was a pending action for permanent alimony or for a divorce, as required by law (*Code* § 30-202; *Stallings v. Stallings,* 127 Ga. 464 (56 SE 469)) is without merit. Paragraph 10 of the original petition indicates by the language "Plaintiff brings this petition asking for permanent alimony against said defendant in amount of $100 per month . . ." that it is an action seeking permanent alimony. The amended prayer specifically prays for permanent alimony. Thus, it is clear that the petition, as amended, was a pending action for permanent alimony, and will support the prayer for temporary alimony. See *Code* § 30-210; *Knight v. Knight,* 209 Ga. 131 (70 SE2d 770).

2. It is further contended that the original petition was insufficient to amend. In order for a petition to state enough to amend by it must show a plaintiff, a defendant, and set out sufficient to indicate and specify some particular fact or transaction as a cause of action. *Calhoun v. Edwards,* 202 Ga. 95, 98 (42 SE2d 426); *Robertson v. Robertson,* 196 Ga. 517, 519 (26 SE2d 922); *Ellison v. Georgia R. Co.,* 87 Ga. 691 (13 SE 809). The allegations of the petition set forth a substantial cause of action for permanent alimony and are

enough to amend by in order to state a cause of action for temporary alimony.

The trial court did not err in overruling the demurrer to the petition, as amended.

*Judgment affirmed. All the Justices concur.*

Submitted June 14, 1966—Decided June 23, 1966.

*Sullivan & Herndon, John J. Sullivan,* for appellant.

*Joseph A. Rossiter, Jr., Lewis & Javetz, Emanuel Lewis,* for appellee.