**Mary V. LONG, Plaintiff,**

v.

**Robert FINCH, Secretary of Health, Education & Welfare (now Elliott Richardson), Defendant.**

**Civ. A. No. 69–C–53–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 29, 1971.

J. Patrick Graybeal, Christiansburg, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION

WIDENER, District Judge.

On July 12, 1966, claimant, Mary V. Long, filed an application as a widowed mother with children for benefits under § 202(g) (1) of the Social Security Act, 42 U.S.C. § 402(g) (1), alleging that she was the widow of the deceased wage earner, Lambert L. Long, who died on May 28, 1966. She also claimed as a widow without regard for children. 42 U.S.C. § 402(e) (1).

On October 31, 1966, the Social Security Administration notified claimant that her claim for benefits as the widow of Lambert L. Long was denied on the ground that claimant was divorced from Lambert Long on April 8, 1965. Upon reconsideration by the Secretary of Health, Education and Welfare, the claimant's application was again denied on the same ground.

On September 18, 1968, a hearing was held before a Hearing Examiner. The Hearing Examiner's decision, dated October 24, 1968, held that claimant's marriage to Lambert L. Long was terminated by a divorce granted to Lambert L. Long on April 8, 1965, and therefore the claimant was not the wage earner's widow and not entitled to mother's insurance benefits.

On March 17, 1968, the Appeals Council affirmed the decision of the Hearing Examiner.

On May 16, 1969, claimant brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U. S.C. § 405(g), seeking judicial review of the final decision of the Secretary.

Claimant was married to Lambert Leon Long on May 10, 1959, in Sullivan County, Tennessee. At the time of this marriage, claimant had two children, Alfred Lee Keister and Diana Long. Neither child was ever adopted by Lambert L. Long, and there were no children born of the marriage between claimant and Lambert Long. The claimant and the wage earner lived at 406 Jackson Street, Blacksburg, Virginia, from 1960 until Long left Blacksburg in June, 1963. During the time that they lived at 406 Jackson Street, Long was often away from the residence on trips outside of the state, but he returned to the Blacksburg address between trips. The claimant still lived at 406 Jackson Street at least until July, 1966, two months after Long's death.

Mary V. Long and Lambert Long did not live together as husband and wife after June, 1963. The claimant testified that the wage earner returned periodically to the residence at 406 Jackson Street after June, 1963 but did not remain there because of an order of the Juvenile and Domestic Relations Court of Montgomery County directing Lambert Long to pay support payments of fifteen dollars per week to Mary V. Long, the claimant here, for a period of one year. The record contains a copy of an order of the Montgomery County Court dated August 12, 1963 ordering Long to pay the claimant the sum of fifteen dollars weekly.

The claimant testified that Lambert L. Long last visited her on August 21, 1964 at the residence at 406 Jackson Street, Blacksburg, Virginia.

On September 21, 1964, Lambert L. Long filed suit for divorce in the Superior Court of Muscogee County, Georgia, in which he swore that he did not know the claimant's address. The wage earner made this oath only one month after visiting the claimant at the address which had been his residence for more than three years. There is nothing in the record that suggests that Lambert Long might have had reason to believe that the claimant had moved away from Blacksburg, Virginia. The claimant testified that on September 21, 1964, she was residing at 406 Jackson Street, Blacksburg, Virginia, and that, at that time, Lambert L. Long was still receiving mail at that address. Long's oath, sworn to in order to obtain the Georgia divorce, is incredible and not worthy of belief.

The court would not ordinarily be disposed to find that a party, now deceased, once swore to a false statement, but the evidence in this case leads to no other conclusion. It is more than unlikely that Long could forget the address which had been his residence for three years and which he had visited only one month prior to making the oath. Further, it is virtually inconceivable that, on September 21, 1964, Lambert L. Long had absolutely no knowledge of the claimant's address.

By alleging before the Superior Court of Muscogee County, Georgia that the claimant's address was unknown, Lambert Long was assured that the claimant would receive no notice of the divorce proceedings. Notice of the suit was published in the *Columbus Ledger*, a newspaper circulated in and around Columbus, Georgia, more than five hundred miles from Blacksburg, Virginia (1960 pop. 7,070 including several thousand VPI students).

Lambert Long had at least two reasons for preventing the claimant from receiving notice of the divorce proceedings. First, there was the order of the Juvenile and Domestic Relations Court of Montgomery County ordering him to pay support to the claimant. Any notice to the claimant of Long's presence in Georgia would have made him subject to enforcement of the support order since

both Georgia and Virginia had adopted the Uniform Reciprocal Enforcement of Support Act. Second, any notice to claimant would have allowed her to contest the Georgia divorce. On October 10, 1964, nineteen days after he had filed for divorce, Lambert Long purportedly married Virginia Mae Atchley in Phenix City, Alabama. The claimant's contest of the Georgia divorce proceeding could have prevented, and certainly would have delayed, Lambert Long's remarriage. · · ·

Section 216(h) (1) (A) of the Social Security Act, 42 U.S.C. § 416(h) (1) (A) states:

"An applicant is the * * * widow * * * of a fully or currently insured individual for purposes of this subchapter if * * * the courts of the State in which he (the insured individual) was domiciled at the time of death, * * * would find that such applicant and such insured individual were validly married * * * at the time he died."

It is conceded by both parties that wage earner was domiciled in Alabama at the time of his death. Thus, the question for decision is: What effect would an Alabama court give to the Georgia divorce decree?

Under the Full Faith and Credit Clause of the United States Constitution, U.S.Const., Art. IV, Section 1, and under 28 U.S.C. § 1738, a decree of divorce granted in one State "should have the same credit, validity, and effect in every other court in the United States which it had in the State where it was pronounced." Hampton v. McConnell, 16 U.S. (3 Wheat.) 234, 235, 4 L.Ed. 378 (1818). Thus, the Alabama court would be required to look to Georgia law to determine the validity and effect of the Georgia divorce decree.

This court finds as a fact that Lambert L. Long had knowledge of claimant's address. The testimony of claimant that the wage earner had visited her in Blacksburg, Virginia one month prior to his filing for divorce is not chal-

lenged by the Secretary. Even if Long were unable to remember the street address, and this is incredible, he was required to furnish an address "to the best of his information and belief * * *." Stiles v. Stiles, 183 Ga. 199, 187 S.E. 870, 873 (1936).

The Secretary, in his brief, suggests that, on September 21, 1964, the "wage earner could not aver with [* * *] absolute certainty that the plaintiff still resided in Montgomery County, Virginia," and that therefore the wage earner could truthfully swear that he did not know claimant's address. The Secretary cited Homburger v. Homburger, 213 Ga. 344, 99 S.E.2d 213 (1957), as requiring no more of a plaintiff seeking service by publication than that he swear that the defendant's address was not known.

Concerning the contention that a plaintiff may validly swear that he does not know a defendant's address simply because he does not know it with "absolute certainty," the law in Georgia is directly in opposition. In Stiles v. Stiles, supra, 187 S.E. p. 873, the Supreme Court of Georgia, referring to the knowledge required of a plaintiff seeking service by publication in a divorce case, stated:

"* * * Absolute knowledge is not required. Knowledge to the best of his information and belief is all that is necessary * * *."

To hold that a plaintiff could evade the requirement of giving his best knowledge of the defendant's address merely by alleging that he was not absolutely certain of the address would make a sham of the Georgia statute allowing service of process by publication. Few matters can be stated with absolute certainty. Given the mobility of the populace of the United States, it seems unlikely that the address of a party in another state could ever be known with such a degree of certainty.

The court in Homburger did not hold, as the Secretary contends, that a plaintiff may satisfy the requirements for service by publication by simply swear-

ing that he does not know the defendant's address. *Homburger* was a challenge to a divorce granted in Fulton County, Georgia. In the divorce action, the husband, plaintiff, had alleged:

"That the defendant, Anna Homburger, is a nonresident of the State of Georgia and the last known address of said defendant was New York City, New York, but the petitioner does not now know and has never known the street address of said defendant in New York City."

The court in *Homburger* stated:

"It is alleged that the plaintiff in the divorce action (the defendant in this case) swore that he 'does not now know and has never known the street address of said defendant.' That was all the law required of him. Code § 81–207, Stiles v. Stiles, supra."

The fact which distinguishes the present case from *Homburger* is that in *Homburger* the party seeking service by publication had given the defendant's address to the best of his knowledge, whereas, in the present case, the wage earner deliberately withheld what knowledge he had of claimant's address.

In Steele v. Steele, 203 Ga. 505, 46 S. E.2d 924, 925, (1948), the Supreme Court of Georgia set forth the rule applicable in cases such as the present one:

"If the plaintiff in a divorce action knows the residence and address of the nonresident defendant and wilfully and fraudulently fails to comply with the provisions of the Code, § 81–207, in regard to filing a copy of the newspaper in cases of service by publication, and fraudulently procures an order showing service by publication, the divorce decree may be set aside. Gwinn v. Gwinn, 145 Ga. 481, 89 S.E. 574. The requirements of § 81–207 as to filing and mailing the copy of the newspaper containing the published notice are jurisdictional, and failure to comply therewith renders the judgment *void*. Millis v. Millis, 165 Ga. 233, 241, 140 S.E. 503; Stiles v.

Stiles, 183 Ga. 199, 204, 187 S.E. 870." [Italics added].

Having found that Lambert L. Long had at least a general knowledge of claimant's address, and almost certainly actual knowledge, and wilfully and fraudulently alleged that her address was unknown, it is the holding of this court that the Georgia divorce, based upon such false and fraudulent allegation, is void. Finding the divorce decree to be void, it follows that the claimant was validly married to Lambert L. Long at the time of his death and is therefore his widow.

A finding that the claimant was the wage earner's widow does not, of itself, entitle her to Social Security benefits.

Originally, the claimant filed for mother's benefits under § 202(g) (1) of the Act, 42 U.S.C. § 402(g) (1). However, at the hearing before the Hearing Examiner, the claimant acknowledged that her son, Alfred Lee Keister, was not entitled to receive child's benefits. Claimant has never alleged that her daughter, Diana Long, is entitled to child's benefits. Since one requirement for entitlement to mother's benefits is that the claimant have in her care a child of the insured individual who is entitled to child's insurance benefits, § 202(g) (1) (E) of the Social Security Act, 42 U.S.C. § 402(g) (1) (E), the claimant has admitted her ineligibility for mother's insurance benefits.

Section 202(e) (1) of the Act, 42 U. S.C. § 402(e) (1), as pertinent, provides for benefits to:

"(e) (1) The widow * * * of an individual who died a fully insured individual, if such widow * * *

(A) * * *

(B) (i) has attained age 60, or (ii) has attained age 50 but has not attained age 60 and is under a disability * * * *"

The claimant has not attained age 60 and has not alleged any disability; therefore, she is not presently entitled to benefits as the widow of Lambert L. Long.

The decision of the Secretary so far as it holds that the claimant is not presently entitled to Social Security benefits must be upheld and the complaint dismissed. But, the dismissal, in part, must be without prejudice, and that part of the Secretary's decision reversed which holds the claimant is not the widow of the wage earner. Although it might be contended that the status of the claimant as a widow is not strictly necessary to the holding here, the court has decided such status because it was considered by the Secretary as controlling the case. Equity and common justice require that claimant not be faced in the future with a possible defense of *res adjudicata* as a result of an erroneous decision.

The court notes there is no fund at this time from which complainant's attorney may receive his fee, and suggests that he attempt to agree with his client on a fee subject to approval of the court. See 42 U.S.C. § 406.

An order is this day entered consistent with this opinion.