SECURITY LIFE INSURANCE AND ANNUITY COMPANY, plaintiff in error, *vs.* NANCY GOBER, defendant in error.

1. William A. Gober made application to the Security Life Insurance Company, through its agent at Greensboro, for a life policy on his life in favor of his wife and children. The application sought a life policy for $5,000 00, premiums payable annually. The application was dated 10th August, 1870. On receiving the application for transmission to the company, the agent gave to Gober a receipt, acknowledging the payment of $99 15, the cash portion of the first premium, and stipulating that Gober was entitled to a life policy for $5,000 00, as of the age of thirty-seven, if the company accepted his application, the company to be, in that case, bound from the date of his examination. If the company did not accept, the money was to be returned and the receipt canceled. There was, in fact, no money paid, but the agent took Gober's note for the $99 15, payable to himself in six months. The company accepted the application and issued the policy, and sent it to the agent. The policy was not delivered to Gober, nor does he seem to have got formal notice of the acceptance of his application and the issue of the policy. The agent swore that he took the note as cash but that he did not intend to deliver the policy till the note was paid, though it does not appear that he informed Gober of this. The note was not paid at maturity ; but after it was due the agent demanded it, and informed Gober that if he did not pay he would lose his interest in the company. The policy was dated 29th August, 1870, and in it the premiums were declared due each year on that day, and if not paid the policy was to cease. Gober did not pay his note, nor did he pay the second premium. On the 16th of September, 1871, Gober died :
*Held*, That whatever may be the liability of the company, under the facts,

Security Life Insurance and Annuity Company *vs.* Gober.

if Gober had died before the 29th of August, 1871, yet, as the company was only liable according to the policy, and as the second premium was unpaid, the insurance ceased after the 29th of August, 1871.

2. That Gober did not know the precise terms of the policy, if he did not, was his own fault, as he could have known had he applied to the agent for the same, and he was also charged with notice that the liability of the company for the second year was dependent on his payment of the second premium.

Insurance. Notice. Before Judge BARTLETT. Greene Superior Court. March Term, 1873.

Nancy Gober, widow of William A. Gober, deceased, both for herself and as next friend of the children of William A. Gober, instituted her suit in Greene Superior Court against the Security Life Insurance and Annuity Company, alleging in her declaration that said defendant was indebted to her in the sum of $5,000 00, besides interest, on a receipt executed by said defendant on the 8th day of August, 1870, wherein said defendant, in consideration of a certain amount stated in said receipt to have been received by it, agreed to insure the life of the said William A. Gober for the sum of $5,000 00, in accordance with his application made for insurance, provided said application was accepted; that said application was *accepted* by defendant; that the same was for the use and benefit of the said wife and children of the said William A. Gober; that the said William A. Gober departed this life on the 16th day of September, 1871, and that due notice was given and proof made to said defendant of the death of the said William A. Gober, and payment demanded and refused. The receipt sued upon, is as follows:

"SECURITY LIFE INSURANCE AND ANNUITY COMPANY,
"Numbers 31 and 33 Pine Street, New York.

"Received, August 8th, 1870, from William A. Gober, $99 15, being the first annual cash part of premium on $5,-000 00 at age 37—which entitles the said William A. Gober to a life policy, in accordance with the application, for the sum of $5,000 00, provided the application of said William A. Gober is accepted by the company; in which case, this

receipt will be binding on the company from the date of the medical examination. If declined, the premium will be returned on surrender of this receipt.

(Signed)                " W. G. JOHNSON, Agent,
"Greensboro, Ga."

The defendant filed the following pleas to the declaration: 1st. The general issue; and 2d, that no consideration in money was paid for the receipt, but that Gober only gave his note in payment of the receipt, with the understanding that if his application was accepted, the note was to be paid before he received his policy; and that he never paid said note, nor any premium; and that he never applied for his policy, but treated the same as a nullity, and would not have been entitled to anything, even if he had died within twelve months from the date of said receipt. That said contract was for the payment of annual premiums, and that if Gober had applied for and obtained his policy, the same would have been forfeited in consequence of his failure to pay the second year's premium, even if the first payment was valid.

When the declaration was read on the trial of the case, the defendant demurred. The demurrer was overruled.

The plaintiff introduced in evidence the receipt, and the interrogatories of Mrs. Nancy Gober, who testified that she was the plaintiff in the case, and the widow of William A. Gober, and that William A. Gober died on the 16th day of September, 1871, leaving seven children, (giving their names in full,) and that she had never been paid anything by the defendant; that William A. Gober went to pay off the note, but did not pay it; that he gave his note, and it was never paid; that she did not know whether Johnson had the note or not, nor whether he ever tried to get Gober to pay it; never heard Gober say so; that she did not know of Johnson's sending any word to Gober about paying the note, and never heard Gober say so. The plaintiff also proved by her attorney, William H. Branch, that he gave notice and proof of the death of William A. Gober to the defendant, and demanded

payment of $5,000 00; that the agents of the defendant admitted the acceptance of the application of William A. Gober, and that it was for the benefit of plaintiff; that he gave *the notice* to Dr. Townsend, and made demand on him and the defendant; that Dr. Townsend and Johnson were present; that he first demanded payment of Johnson, and then of Dr. Townsend, and that Dr. Townsend refused payment because second year's premium had not been paid; that Johnson had been dismissed from the agency before witness made the demand; that after the death of Gober, Johnson turned over the policy to witness; that when first asked about it, Johnson said it had not been issued, but soon after found it and said he had forgotten it, and that it had been in his drawer ever since its reception by him, and he had not thought of it from that day until then.

The plaintiff then introduced the application of William A. Gober for insurance, obtained from defendant on notice to produce, which showed upon its face that it was for a life policy, and that it was for the benefit of the wife and children of William A. Gober; that it contained the usual questions as to his health, statements of medical examiner, etc.; that it was recommended by W. G. Johnson, agent at Greensboro, Georgia, and accepted by the company on the 29th day of August, 1870, and that a policy was issued, (number twenty-six thousand five hundred and five,) which contemplated the payment of annual premiums in August, and that the application was of the same date as the receipt and medical examination.

The plaintiff closed.

The defendant introduced in evidence policy of insurance number twenty-six thousand five hundred and five, dated August 29th, 1870, which recited that, in consideration of the first annual premium, acknowledged to have been received by said company, as well as in consideration of the annual payment, by the 29th of August, of premiums, that said company insured the life of William A. Gober, for the sole use of his wife, Nancy Gober, and his children, in the amount of $5,000,

for the term of his natural life, subject to forfeiture upon the non-payment of annual premiums.

W. G. Johnson testified as follows: He was the agent for the defendant when the application was made. (Note for $99 15, signed by Gober, was then shown to him.) He wrote the note; it has not been paid; the policy came after the application had been forwarded—about the 12th of September, after it was issued in August; had a conversation with Gober in December next thereafter, and told Gober if he did not pay up he would lose his rights in the company; Gober promised to bring cotton to Greenesboro to pay his note, but never did so; never saw him but the one time; witness deposited the note with Storey as collateral, and raised money on it, and afterwards redeemed it himself; Gober lived about nine miles from Greensboro, and the contract was made at witness' mill, about seven miles from town; when witness had the interview with Gober, in December, note was over due from 1st October, but second premium was not due; in said interview, don't recollect whether or not he informed Gober that he (witness) had his policy; Gober never applied for it; don't know the custom as to notifying applicants of the arrival of their policies; witness sometimes did not; note was received by witness as cash, but he intended to hold the policy till note was paid; thinks it was the custom of the company to give notice when premiums were due; never gave notice to Gober that second premium was due; was not agent when second premium fell due.

The following note was introduced:

" $99 15.    By the first day of October next, I promise to pay W. G. Johnson, or bearer, ninety-nine 15-100 dollars, with interest, value received.    August 8th, 1870.
        (Signed)                    "WILLIAM A. GOBER."

The defendant closed.

The plaintiff then amended her declaration as follows: " That upon the acceptance of the application the policy of

insurance was issued, containing conditions and stipulations different from said receipt or temporary policy of insurance; that the defendant failed and neglected to deliver said policy of insurance, issued as aforesaid, either to William A. Gober or to the plaintiff; that said defendant not only failed and neglected to deliver said policy as aforesaid, but failed and neglected to give notice either to William A. Gober or to the plaintiff, of the conditions contained in said policy; that, neither did the defendant give any notice either to William A. Gober or to the plaintiff, of the time when premiums would be due and required to be paid, it well knowing that it was the intention of said William A. Gober, and of the plaintiff, to pay said premiums whenever the same should become due."

The jury returned a verdict for the plaintiff for $4,892 00, with interest from January 1st, 1872.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because of error in overruling the demurrer to the plaintiff's declaration.

2d. Because the Court erred in refusing to charge the following requests of defendant's counsel: 1. "That if the jury believe from the evidence that Gober knew Johnson had his policy and failed to call on Johnson for it, then Gober's ignorance of the requirements of the policy to pay his second premium at the time therein stated, will not prevent the forfeiture of the policy on account of its non-payment." 2. "That the policy being the property of the insured, it was his business to inquire and look after it, and if he failed to do so and was thereby damaged, it was his own fault, and those claiming under the policy cannot profit by his negligence." 3. "That if the jury believe from the evidence that the insured died after the expiration of the first year, without having paid the annual premium in accordance with the contract of the parties, then the plaintiff cannot recover."

3d. Because the Court erred in charging as follows, to-wit: "If the jury come to the conclusion, from the evidence, that

William A. Gober, whilst in life, and W. G. Johnson, the agent of defendant, entered into the contract sued upon, and that Gober, for the use of plaintiffs, paid the agent of defendant the amount specified in the contract, and the agent of defendant received that amount, in a note on Gober, in payment of the first premium on his conditional policy of insurance, and that the agent accepted said note as payment, then it is as valid a payment of that amount as if the same had been paid in currency or coin. And if they should conclude from the evidence that William A. Gober complied with his contract by paying the first premium on his conditional policy of insurance, then the defendant was bound to comply with his part of the contract. And if the application of plaintiff for a life policy was accepted by said company (which fact of acceptance they must determine from the evidence) then the defendant was bound to comply with his part of the contract, and the plaintiffs were entitled to receive and demand of defendant a life policy in accordance with his application, for $5,000 00, provided the application of said William A. Gober was accepted by said company."

"It was the duty of the company, within a reasonable time, to notify Gober of the acceptance of his policy for life insurance; if the same was accepted, to deliver him a life policy on said company for $5,000 00, and if said defendant failed to deliver such policy without default of plaintiff, and plaintiff was damnified by such failure to deliver such policy, then plaintiff is entitled to recover."

"If defendant failed to notify plaintiff of the acceptance of said application and to deliver said policy, which it was the duty of defendant to do, then the plaintiff is not bound by the stipulations in such policy, and if damnified by such failure on the part of defendant to so notify said plaintiff, then the plaintiff is entitled to recover of the defendant the amount of such policy of insurance."

4th. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the defendant excepted.

M. W. LEWIS; REESE & REESE, for plaintiff in error.

P. B. ROBINSON; JAMES L. BROWN; WILLIAM H. BRANCH, for defendant.

McCAY, Judge.

1. Whatever would have been the right of the plaintiff below, against the defendant, had Mr. Gober died during the first year after the date of either the application or the policy, we are clear that the liability of the company ceased on the failure to pay the second premium. The application, signed by the party applying, clearly sets forth that the payments were to be annual, and the insured had full notice that if his application was accepted his insurance would begin from the date of the receipt. When the policy was issued and transmitted to the agent, the company was bound according to the terms of the policy. But only according to its terms. One of those terms was that payment of annual premiums was to be promptly made as they became due; this was not done, and by the express conditions of the policy the liability of the company ceased. In the very nature of things this payment is a *sine qua non*—a condition precedent to the continuance of the risk. There are, of late years, non-forfeiture policies issued, but even these only continue the liability for what would be the surrender value of the policy. The risk ceases on the fixed amount nominated in the policy. That a company may, if it pleases, when the premium is due, not take advantage of the forfeiture; that it may, for its own convenience, notify the policy holder, and remind him of the day of payment or call upon him, through its agents for it, cannot change the rights of the parties. Why should an insurance contract be different from other contracts in this respect? It is a common custom for banks to notify debtors that their notes will be due on the day of maturity. This is a mere matter of convenience and not a necessity. Both parties to a contract are presumed to know its terms.

2. Nor is there, as we think, anything in the fact that Mr. Gober had never actually got his policy. It was in the hands of Mr. Johnson, the agent, for him. It was his duty to apply for it. If the receipt is to stand good until he *gets* his policy, he might refuse to take the policy, or go away, so that it could not be delivered. Obviously the business of life insurance would be impracticable on such terms. Mr. Gober knew that the policy was or was not to be issued in a short time. When that time passed, he was either insured or not insured. It was his duty to inquire. If he saw fit to lie still and consider himself insured because no application was made to him for the receipt, he had a right to do so; but only on the terms of the policy. By those terms, he was to pay promptly his annual premiums. He knew the receipt was only temporary, and that if his application was accepted, it would be by the issuing of a policy for a permanent contract. If he saw fit to let that lie in the hands of the agent, he must take the consequences of any want of knowledge he may thus have of its terms. He cannot, by this action of his, add to or detract from the terms of the policy. The very terms of the receipt are that the *first* annual premium only is acknowledged, and the application clearly notifies him of the same. This, too, is the common sense and common justice of the transaction. The funds of a life insurance company are the property of its patrons. The company is but a trustee for the persons—generally widows and orphans—who are to be the recipients of the money the company has; and, while the plaintiffs here have our sympathies, we must remember that the fund they are seeking is the property of other widows and orphans, and that it is the duty of Courts to see to it that justice be done to both parties.

Judgment reversed.