18537. ÆTNA INSURANCE COMPANY *v.* WATERS *et al.*

STEPHENS, J. 1. Where a person has authority from a fire insurance company to adjust the loss with the insured, it is apparently within the scope of the authority of the adjuster as agent for the insurance company, by promising to pay the loss, to waive the right of the insurance company to insist upon the filing of a proof of loss.

2. In a suit by the insured under a fire-insurance policy against the company to recover under the policy for a loss by fire, where the petition alleges a compliance with all the requirements of the policy, including the filing of the required proof of loss, the petition is amendable by alleging that the defendant had, by promising, through its duly authorized agent, to pay the loss, waived its right to insist upon a filing by the plaintiff of proof of loss. Where the petition was not so amended, but evidence of the promise to pay the loss made by the adjuster was admitted without objection by the defendant as being irrelevant and immaterial, the verdict afterwards found for the plaintiff will not be set aside upon the ground that, by a failure of the evidence to show a filing of proof of loss by the plaintiff, it is without evidence to support it. The ruling in *New Zealand Fire Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (8 a) (116 S. E. 922), is distinguishable in that there the plaintiff alleged a compliance with the provisions of the policy, and there was no evidence tending to show a waiver by the defendant of the provisions in the policy.

3. Where, upon the trial, testimony had been admitted that there had not been filed a proof of loss, but that the defendant, through its agent, had promised one of the plaintiffs to pay the loss, the testimony of this plaintiff that she had given to the defendant's agent notice of her interest in the policy, was not inadmissible upon the ground that the evidence did not show a waiver by the defendant of its right to insist upon the filing of proof of loss. The testimony was admissible under an amendment to the petition which alleged that the plaintiff, although her name was not in the policy as an insured, was nevertheless a tenant in common with her husband, in whose name alone the policy was issued, and that at the time of the issuance of the policy it was mutually understood and agreed that the policy should issue in the name of both her and her husband as tenants in common of the property.

4. In a suit where there is more than one plaintiff, and recovery, if any, should be in the name of all the plaintiffs, a charge of the court which assumes that liability, if there is any, is to one of the plaintiffs only, is harmless to the defendant.

5. Since the evidence presented an issue as to whether the defendant had waived its right to insist upon the provisions in the policy requiring the filing of proof of loss, none of the excerpts from the charge of the court were erroneous upon the ground that there was no evidence as to proof of loss·or as to a waiver by the defendant of its right to insist upon the terms of the policy requiring proof of loss.

6. The verdict found for the plaintiff was authorized.

    *Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

    DECIDED SEPTEMBER 17, 1928.

*Hinton Booth,* for plaintiff in error.  *Anderson & Jones,* contra.