## 38426. HATFIELD v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED OCTOBER 25, 1960.

*Robert W. Reynolds,* for plaintiff in error.

*Perry, Walters & Langstaff, Fred B. Hand, Jr.,* contra.

FELTON, Chief Judge. The gravamen of the plaintiff in error's contention in this case is that he is not bound by the release which he signed on the back of the draft for $500 sent him by the insurance company for the loss of his hand. In the view we take of the case it is immaterial whether the insured signed a formal release or not. The insurance policy provided for exclusive alternative obligations of the company. It obligated the

company to pay $500 for the loss of a hand *or* a larger amount for total disability. It is presumed that the insured knew of the policy provisions and knew that he could not collect both $500 for the loss of a hand and the larger amount for total disability. It is also presumed that under the policy requirements the insured filed a claim for some amount. The insurance company sent the insured a draft and stated that it was for the amount due under the policy for the loss of a hand. The insured, knowing that the draft was for a lesser sum than the total disability provided for in the policy, indorsed and cashed the draft. Under the ruling in *Rivers v. Cole Corporation,* 209 Ga. 406 (73 S. E. 2d 196) the acceptance and cashing of the draft for the lesser sum provided for in the policy was an accord and satisfaction of the obligation of the insurance company. *Code* § 20-1204.

The court did not err in sustaining the general demurrer to the amended petition and in dismissing the action.

*Judgment affirmed. Nichols and Bell, JJ., concur.*