40396.   AETNA CASUALTY & SURETY COMPANY
v. SAMPLEY.

DECIDED OCTOBER 23, 1963—
REHEARING DENIED NOVEMBER 6, 1963.

618

*Frank M. Gleason, Strang, Fletcher, Carriger & Walker,* for plaintiff in error.

*George W. Adams, Cook & Palmour, Bobby Lee Cook,* contra.

EBERHARDT, Judge. ■ There is a motion to dismiss predicated on Ga. L. 1963, p. 368, amending *Code* § 24-2729. The 1963 Act provides that appellant "shall" pay all costs to the clerk "before the [case] shall be transmitted" unless there is a pauper's affidavit. There is neither a certificate of payment nor a pauper's affidavit in the record. The clerk, like other public officials, is presumed to have performed his duty at the time and in the manner prescribed by law, *Fine v. Dade County,* 198 Ga. 655, 663 (32 SE2d 246), *Steele v. Steele,* 203 Ga. 505, 508 (46 SE2d 924), *Bingham v. Citizens &c. Nat. Bank,* 205 Ga. 285, 287 (53 SE2d 228), *Kight v. Gilliard,* 215 Ga. 152, 153 (109 SE2d 599), *Beadles v. Bowen,* 106 Ga. App. 34, 37 (126 SE2d 254), and here his duty, as well as his own self-interest, is to make sure the costs are paid before transmitting the appeal.

■ The first return of service showed service on "Aetna Casualty and Surety Company, Charles Hicks," with nothing more. To this return Aetna Casualty & Surety Company filed a plea in abatement and traverse, admitting that Charles Hicks was its "agent and underwriter of its various contracts," and that he was a "resident agent," i.e., a resident of Walker County wherein the action pended, but contending that Hicks was not an agent for the service of process and that process could lawfully be served only on the defendant's appointed process agent, Alfred G. Trundle, who resided in Atlanta. On demurrer the plea in abatement and traverse were stricken.

The return was amended (whether before or after the sustaining of the demurrer to the plea in abatement and traverse does

not appear) to show service on "Aetna Casualty and Surety Company, by serving Charles Hicks, an agent of said Company, by serving upon said agent personally a true copy of the within petition and process. This service was perfected June 9, 1961 and this amended entry of service is being made nunc pro tunc and supersedes the previous entry of service." It was dated June 9, 1961, the same as the original entry and signed by the same deputy sheriff who made the original.

It is now contended that the amended entry was ineffectual because it was not approved or allowed by any order of the court, and that, in any event, lawful service upon Aetna, a foreign insurer, could not be accomplished by serving Hicks, its agent for writing policies, bonds, and the like.

*Code* § 24-2816 provides: "If the sheriff or other executing officer shall fail to make an official return which by law he should have made, such entry or return may be made nunc pro tunc, by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." The Supreme Court in *Jones v. Bibb Brick Co.*, 120 Ga. 321, 325 (48 SE 25) interpreted this section to mean that "If the officer is in commission and liable on his bond, he may make this amendment voluntarily," that is to say, without any order or direction from the court, but "[i]f he is dead or out of commission, *or refuses to make the return which the facts require,* then the amendment may be ordered by the court nunc pro tunc." (Emphasis supplied.) And see *Beutell v. Oliver,* 89 Ga. 246 (2) (15 SE 307). In the light of this interpretation it becomes obvious that the phrase "by order of the court" means "by command" or "by direction." When the officer is willing to do that which it is the duty of every officer to do, viz., make his records and entries to be truthful and in accordance with the facts, and does so voluntarily, it would be a vain and useless thing for either the officer or the plaintiff to seek from the court an order commanding or directing that it be done. This the law does not require. *Bacon Grocery Co. v. Johnson,* 107 Ga. App. 775, 779 (131 SE2d 140), footnote 3. Nor is there necessity for securing from the court any order allowing or approving the amendment. "The mistake or misprision of a clerk or other ministerial officer shall in no

case work to the injury of a party, where by amendment justice may be promoted." *Code* § 81-1205. While it does appear that there are instances when the court has entered an order allowing the amendment, for example see *Southern Exp. Co. v. National Bank of Tifton*, 4 Ga. App. 399, 400 (61 SE 857), it is error to disallow it. *McDuffie Oil &c. Co. v. Iler*, 28 Ga. App. 734 (113 SE 52). Obviously, it would not be error if the court entered an order allowing that which the officer is permitted by statute to do, is his duty to do and which he voluntarily does. No rights of any party can be adversely affected by allowing the amendment—whether by order of court or not; that results only from refusing to permit it to be done. The right of the defendant to traverse the entry, as amended, remains, and if he is to traverse, it is to his advantage to have the return speak the true facts so that a ruling on the traverse will properly and finally settle the issue. As the Supreme Court pointed out in *Bibb Brick Co.*, supra, it is only when the officer is dead, out of commission or when he refuses to amend his return to make it speak the truth that *any* order of court is necessary in the matter. A return of service by an officer is not a pleading and neither the Code sections nor cases dealing with the necessity for an order allowing amendments to pleadings have application here. Nor do the words "nunc pro tunc" in the statute or in the amendment to the return have any contrary significance. They simply make it clear that the amendment is effective from the date of the original return. "A return of service may be amended to show that a person actually served was served in a different capacity than was shown in the original return." *Smith v. Hartrampf*, 106 Ga. App. 603 (127 SE2d 814).

■ The question remains, then, whether the amended return shows a valid service on Aetna Casualty & Surety Company. The Insurance Code of 1960, *Code Ann.* § 56-1202, provides that: "Service of process against a domestic insurer may be made upon the insurer corporation in the manner provided by laws applying to corporations generally, or upon the insurer's attorney-in-fact if a reciprocal insurer of a Lloyd's Association." And in § 56-1203 it is provided: "Each authorized alien or foreign insurer shall make the following appointments for service of process" and

providing for the irrevocable appointment of process agents who are resident in Georgia as well as the appointment of the Insurance Commissioner. This is a wise provision, for without it if a foreign or alien insurer should cease to do business or have agents in this State a policyholder ·might very well find it difficult to obtain jurisdiction to enforce the policy obligations. Obviously that problem would not arise as to a domestic insurer.

A "domestic" insurer is one formed under the laws of Georgia, while a "foreign" insurer is one formed under the laws of another State or government of the United States, and an "alien" insurer is one formed under the laws of a country other than the United States. *Code Ann.* § 56-301. It is alleged that Aetna was formed under the laws of Connecticut.

Section 56-1204 of the Code provides: *"In addition to other methods of service provided by law,* a foreign or alien insurer *may* be served with legal process" by serving it upon the appointed process agent or upon the Insurance Commissioner. (Emphasis supplied.)  What does the phrase "in addition to other methods of service provided by law" mean in this context? We find no other provision of the Insurance Code specifying other methods, but, if we did, this provision does not limit the matter to other methods provided therein.  Consequently it must be held to mean methods provided by law other than in the Insurance Code.  Insurance companies are all, or substantially all, corporations engaged in the insurance business.  *Code* § 22-1101 provides:  "Service of all writs, attachments, and other process necessary to the commencement of any suit against *any* corporation in any court . . . may be perfected by serving any officer or agent of such corporation . . ."  (Emphasis supplied.)

We hold that the reference in § 56-1204 includes that of serving "any agent" of the company as provided in § 22-1101.  This is in keeping with the policy of the law as it had existed prior to the passage of the Insurance Code in 1960.  See *Seminole Bd. of Ed. v. American Ins. Co.,* 180 Ga. 661 (180 SE 229).  We are further supported in this ·by the provision that the foreign or alien insurer *may* be served by serving its process agent or the

Insurance Commissioner. It is not *required* that these methods be employed. They are permissive and cumulative. Accordingly, we hold that the service of Aetna by serving its agent Hicks was good, and the striking of the plea in abatement and traverse was not error.

It must follow from this ruling that the plaintiff's application for an order to perfect service, defendant's demurrer thereto, the acknowledgment of service by the Insurance Commissioner, the second plea in abatement and traverse· of service, plaintiff's demurrer to the plea and traverse, and defendant's second answer were all superfluous and unnecessary, serving only to cumber the record, and that the striking of them is proper.

For the same reason that portion of the renewed general demurrer contending that no suit was filed within 12 months after the loss, as required in the policy, is without merit.

■ We now proceed to the question of defendant's general demurrer, which was insisted on several times and overruled each time, urging that the petition set out no cause of action because it was not alleged that plaintiff had furnished the proof of loss to the company in the manner and within the time required by the policy, and as well a complete inventory of the property showing in detail the quantities, costs, actual cash values and amount of loss claimed.

The inventory requirement is not made a condition precedent to an action on the policy so that, if there was a failure to furnish that information, it would not bar this action. The requirement of a proof of loss within sixty days is made a condition precedent. But it may be waived and, under recent rulings of this court, is waived even under the new Insurance Code by an absolute refusal to pay within the 60 day period. *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236) ; *South Carolina Ins. Co. v. Hunnicutt,* 107 Ga. App. 366 (1) (130 SE2d 239).

The petition alleges that plaintiff tried to tender to defendant's adjuster a sworn proof of loss "within a week after said fire, but was met with a refusal from said defendant's adjuster to negotiate the settlement of the loss, coupled with the statement that the insurance company was not interested in any proposition related to a settlement with [plaintiff]." This was

such a refusal to pay as would waive proofs of loss. *Walker v. General Ins. Co.,* 214 Ga. 758, 763 (107 SE2d 836).

The defendant insurance company raises the issue that the adjuster, being alleged in the petition to be the General Adjustment Bureau, Inc., was not the agent of the company. The petition also alleged that "the adjustment of said loss was assigned to" the General Adjustment Bureau, Inc. It has long been the rule in Georgia that an adjuster sent to adjust a loss presumably has authority to waive proof of loss. *Corporation &c. Assurance of London v. Franklin,* 158 Ga. 644 (3b) (124 SE 172, 38 ALR 626), certified question conf'd to, 32 Ga. App. 637 (124 SE 391). For similar holdings, see *Barkley v. American Nat. Ins. Co.,* 36 Ga. App. 447 (1) (136 SE 803); *Aetna Ins. Co. v. Waters,* 38 Ga. App. 597 (1) (144 SE 668); *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25 (2) (169 SE 695); *Washington Nat. Ins. Co. v. Dukes,* 53 Ga. App. 293 (185 SE 599); *Gibraltar Fire &c. Co. v. Lanier,* 64 Ga. App. 269 (13 SE2d 27); *New York Underwriters &c. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474); *Travelers Fire Ins. Co. Robertson,* 103 Ga. App. 816 (120 SE2d 657); *Buffalo Ins. Co. v. Steinberg,* 105 Ga. App. 366, 373 (2) (124 SE2d 681). See, Annot. 49 ALR2d 125, 135 §§ 13, 15. While only the *Steinberg* case appears to involve an "independent adjuster" and the point raised here was not there discussed, we can see no difference in the application of the principle. A limitation on the authority of the adjuster, unknown to the insured, would not be binding on him because of the apparent authority doctrine. *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25 (2), supra.

There was no error below.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*