43786.   SOUTHERN INSURANCE COMPANY v. MARTIN.

FELTON, Chief Judge. 1.  Where the plaintiff insured never filed a proof of loss, which was a condition precedent for the payment of his loss and an action therefor, in the absence of waiver or estoppel the condition precedent to his action on the policy has not been met. *Progressive Mut. Ins. Co. v. Burrell Motors*, 112 Ga. App. 88 (1) (143 SE2d 757).

2.  The evidence fails to show that the notice of loss was in writing, or that, if so, the defendant insurer thereafter failed to forward proof of loss forms, both of which would have been necessary to constitute a waiver under *Code Ann.* § 56-2427 (Ga. L. 1960, pp. 289, 670). *Progressive &c. Co.*, supra, headnote 3.

3.  An admission of liability and an expression of willingness to pay the loss, even though not in the amount insisted upon by the insured, does not necessarily obviate the necessity of

filing proof of loss forms. *Progressive &c. Co.,* supra, headnote 2.

(a)  Where the insured signed a blank proof of loss form in the presence of the insurer's adjuster, who thereupon filled in an amount for the claim less than that sought by the insured and instructed the insured to send the completed form in to the insurer, there was no waiver of proof of loss.  If the insured desired to claim a larger amount, he simply might have marked through the adjuster's figure and inserted his own or obtained additional forms from the defendant within the time allowed for their filing, the latter of which the evidence shows he did.

(b)  Nor did the fact that the defendant's agent agreed to a pre-loss value of the insured's automobile within the 60-day proof of loss filing period waive such filing, especially since he left additional requested blank proof of loss forms with plaintiff's attorney at that time.

(c)  Where the insurer, after the expiration of said filing period, mailed the insured a draft for payment of the claim in an amount less than that sought, stating that it had not received any proof of loss and that the tender of the draft did not constitute a waiver of the terms of the policy, such action was a voluntary compromise offer of settlement, which, by its express terms, did not waive the condition precedent of the filing of the proof of loss.  Even if the amount of the offer was so substantially less than the loss claimed as to amount to a refusal to pay, such refusal was not made within the 60-day proof of loss filing period, which is necessary in order to constitute a waiver. *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236); *Progressive Mut. Ins. Co. v. Burrell Motors,* supra, headnote 2.

4.  For the above reasons, no portion of the verdict for the principal sum, rental costs for a substitute automobile, bad faith penalty and attorney's fees was authorized by the evidence; therefore, the court erred in entering judgment thereon.

   *Judgment reversed. Eberhardt and Whitman, JJ., concur.*

Submitted July 1, 1968—Decided November 5, 1968—

*Kimzey & Kimzey, Herbert B. Kimzey,* for appellant.
*Jack N. Gunter,* for appellee.