### 44387. STUBBS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

Whitman, Judge. This case involves an appeal by Andrew Joseph Stubbs granting motion for summary judgment by the trial court in favor of State Farm Mutual Automobile Insurance Company, the appellee, in an action for declaratory judgment filed by the appellee against the appellant. A statement of the case and of the facts is set forth in the brief of the appellant substantially as follows:

On July 22, 1968, plaintiff, State Farm Mutual Automobile Insurance Company, appellee here, filed in the Superior Court of Muscogee County an action for declaratory judgment,

wherein plaintiff contended that it had no duty to defend Roosevelt Broadnax in a previous action for damages which had been filed in the same court by Andrew Joseph Stubbs as plaintiff, defendant in the declaratory judgment action and appellant here. The court on September 10th stayed further action in the Stubbs suit pending final order on the declaratory judgment. On August 29, 1968, after the costs of court had been paid, Stubbs filed his answer, which was amended on September 24, 1968. On September 25, 1968, the court extended its injunction against Stubbs' proceeding further in his damage suit. On September 16, 1968, plaintiff insurance company took the deposition of defendant Stubbs, and on November 14th filed a request for admissions by Stubbs. On November 18, 1968, the insurance company filed its motion for summary judgment with notice thereon. On January 6, 1969, Stubbs filed his response to the motion for summary judgment. On January 7, 1969, after a hearing, the court entered an order granting the motion for summary judgment, and amended its final order on January 8, 1969. On February 5, 1969, Stubbs filed his notice of appeal.

1. The declaratory judgment suit originated as a result of the action for damages filed by Stubbs against Roosevelt Broadnax, in which Stubbs alleged that he had suffered personal injuries. The insurance company, at the time the damage suit was filed, had written its policy of liability insurance upon automobiles operated by the defendant. The policy contained insurance coverage in favor of Stubbs against any injuries and damages which he might sustain as a result of being struck by an automobile which was not covered by liability insurance, said policy being popularly known as uninsured motorist coverage. The insurance company was given notice of the filing of said damage suit and was served with a copy of the suit.

The petition in the instant case for declaratory judgment alleged that plaintiff insurance company had no obligation or liability to defendant Stubbs for the reason that the defendant Stubbs never gave written notice of the automobile collision sued for to the plaintiff, or to any of its authorized agents, as required by the policy. The defendant Stubbs in his answer denied such allegation.

At all times Stubbs has conceded and still concedes that no written notice of the collision out of which the damage suit

arose, was ever given to the insurance company or its authorized agent. The basis of the Stubbs defense by way of contention was that he had given verbal notice of said collision and that the insurance company had refused to honor any claim on his behalf, thus waiving its right to written notice.

Appellee in its brief agrees with appellant's¯ statement of the case and of the facts as set forth in appellant's brief, with the following additional statements; that is, that no answer was filed by appellant to appellee's request for admissions as required by *Code Ann.* § 81A-136, and that, therefore, the facts in respect of which request for admissions was filed were admitted, and also that the appellant stipulated on the hearing on the motion for summary judgment that *no written notice* of any type, either of the accident in question or claim, was ever given by appellant to the appellee.

The record discloses that appellee timely filed and served on counsel of record for appellant written request to admit the following facts: "1. Neither defendant Andrew Joseph Stubbs nor any agent or attorney for his behalf gave plaintiff, State Farm Mutual Automobile Insurance Company, written proof of claim following his accident which is the subject matter of the action filed by him against Roosevelt Broadnax until a copy of his complaint against Roosevelt Broadnax was served upon the plaintiff. 2. No notice of the accident which is the subject matter of the claim of Andrew Joseph Stubbs against Roosevelt Broadnax was given to State Farm Mutual Automobile Insurance Company by any person other than Andrew Joseph Stubbs as stated in his deposition given in this action on September 16, 1968."

It does not appear from the record that any response to the request for admissions was made by appellant.

Both the judgment of the trial court of date January 7, 1969, and the amendment thereto of date January 8, 1969, on the motion for summary judgment recites that "all pleadings, affidavits, depositions and requests for admissions having been considered," etc.

In the brief of appellee in respect of appellant's statement of facts contained in his brief, appellee adds "that the sole issue to be decided by this court is whether a material issue of fact exists which would require a determination by the jury as to whether there was a denial of liability and an absolute

refusal to pay plaintiff's claim, so as to amount to a waiver on the plaintiff's part to insist upon compliance with the policy provisions." With this additional statement we agree.

That portion of the insurance policy relating to uninsured automobile coverage as set forth under "Insuring Agreement III" provides under the heading Coverage U as follows: "Damages for bodily injury and property damage caused by uninsured automobiles. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of (a) bodily injury sustained by the insured or (b) injury to or destruction of the property of such insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

The provisions of Insuring Agreement III are as follows: "(Policy Conditions 1 through 10 on page 8 also apply) - 11. Proof of claim; medical reports. As soon as practicable, the insured or other person making claim shall give to the company *written* proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim." (Emphasis supplied.)

Conditions 1 and 2 of the policy provisions above referred to are as follows: "1. Notice of accident, occurrence or loss. In the event of an accident, occurrence or loss, *written notice* shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident, or occurrence, names and addresses of injured persons and available witnesses. In the event of theft, larceny, robbery or pilferage prompt notice also shall be given to the police. 2. Action against company. No action shall lie against the company, (a) Unless as a condition precedent thereto there

shall have been *full compliance with all terms of this policy.*" (Emphasis supplied.)

Condition 5 of the applicable provisions is as follows: "5. Changes. The terms of this policy may not be waived or changed except by policy endorsement attached hereto, signed by an executive officer of the company."

By his depositions appellant Stubbs testified that he first gave notice of the alleged accident resulting from the involved automobile collision by telephone conversation from his hospital room to one Ray Mobley, the agent of appellee insurance company, in which he told Mobley that he was at the Medical Center and that he had been involved in an accident and wanted to notify him and that he was asked about the accident and how appellant was feeling and that Mobley said: "Well, I don't think the insurance will do anything"—he said: "they won't help you any." Appellant further testified by the deposition that "some time later we were sitting at Buckelew's Pancake House on the Expressway and we were talking about this same accident . . . it must have been around a month or something after this accident. . . I were up there in a booth and Mr. Mobley was eating breakfast and we were discussing the accident and I told him that I had a back injury." Appellant also testified by deposition: "Of course, he (Mobley) said 'they wouldn't do anything'—so that's the way I left it." Appellant also testified by the deposition that after talking to Mobley on the telephone from the hospital he didn't write to them (evidently referring to appellee insurance company) giving them notice of the accident.

Thereafter by affidavit of date September 24, 1968, appellant testified that the insurance policy was purchased from Ray Mobley Agency, operated by Raymond E. Mobley, and that "at said time Raymond E. Mobley was the duly authorized and acting agent of the plaintiff," referring to appellee. By that affidavit appellant further testified: "On July 1, 1966, the said Raymond E. Mobley was and still is at this time the duly authorized agent and representative of plaintiff in the above action and was at all times acting within the scope of duties as such, which facts are personally known to affiant. Further affiant is familiar with the voice of the said Raymond E. Mobley. "On July 1, 1966 affiant, from his room in the Medical Center, telephone Raymond E. Mobley talking di-

rectly to him. Affiant, at said time, told Mr. Mobley of the fact that he had been injured in said wreck. Said Raymond E. Mobley, without further adieu, informed affiant that the plaintiff herein, State Farm Mutual Automobile Insurance Company, would not pay any money or monies to affiant and that the company would not help him in pressing any claim. Affiant was never furnished any proof of claim forms by the said Raymond E. Mobley, who, at said time, personally had knowledge and who personally knew that affiant had said uninsured motorist coverage. Plaintiff thereafter failed to negotiate, investigate or pay affiant for any injuries suffered. Approximately one month after said injuries, affiant again met the said Raymond E. Mobley, who was at the said time acting within the scope of his employment as agent of plaintiff. Said Raymond E. Mobley was again informed that affiant had been injured. Again, the said Raymond E. Mobley repeated that the plaintiff, State Farm Mutual Automobile Insurance Company, would not do anything about affiant's injuries and said company would pay no money to affiant on any claim or claims. This conversation occurred no more than 30 to 40 days after the date of said collision."

Ray E. Mobley by affidavit testified, among other things, as follows: "I am employed as a commission agent by State Farm Insurance Companies with offices at 3508 Expressway, Columbus, Georgia. On June 28, 1966, Andrew Joseph Stubbs was insured under the terms of the State Farm insurance contract which I sold him, a copy of which is attached to plaintiff's complaint. While Andrew Joseph Stubbs was insured under the aforementioned policy I do not recall that he ever reported any claim under his policy to me or to my office either orally or in writing. The only conversation that I recall ever having had with Mr. Stubbs pertaining to a pending claim on his part occurred one morning in either June or July of 1967 at Buckelew's Pancake House on the Manchester Expressway. . . I do not recall having any telephone conversation with Mr. Stubbs in June or July of 1966 while he was a patient in St. Francis Hospital pertaining to any accident or injuries received in any automobile accident. I was unable to state positively or absolutely that such a conversation did not take place, but can state that I do not recall any conversation as Mr. Stubbs describes in his deposition previously taken in this case and which I have

read. . . I am not authorized by the company to either admit or deny liability when such a claim is reported to me, but only to refer such a claim to the State Farm Claims Department for handling. . . Even when either a collision, comprehensive, or medical payments claim is submitted to me or to my office, I am not authorized to unequivocally deny or admit coverage, as opposed to giving the insured my opinion, without first submitting it to the Claims Department. Such a claim can only finally be approved or refused by the Claims Department. The first time that I recall being informed of any claim that Mr. Stubbs had under the uninsured motorist provision of his policy was shortly after he filed his complaint in Muscogee County Superior Court against Roosevelt Broadnax. . . I am not authorized under the terms of my agency employment with State Farm Mutual Automobile Insurance Company to handle an uninsured motorist claim or any claim involving a determination of legal liability in the manner described by Mr. Stubbs in his deposition."

The statement of appellant in his affidavit of September 24, 1968, that on July 1, 1966, (the day after the accident) Raymond E. Mobley was and still is at this time the duly authorized agent and representative in the above action (for declaratory judgment) and was at all times acting within the scope of duties as such was merely a conclusion without supporting facts and was without probative value. See *Reliance Ins. Co. v. Oliver*, 117 Ga. App. 466 (160 SE2d 615), and case cited.

The evidence of Mobley by his affidavit is undisputed that at the time of the issuance of the policy he was merely a commission agent of appellee in the issuance and delivery of the policy, and that he had no authority either to admit or deny liability on behalf of the insurance company or to handle any claim involving determination of legal liability, and that a claim could only be finally approved or refused by the claims department of the company. Moreover, the statement attributed to him as having been made verbally by him to appellant, that is, "well, I don't think the insurance will do anything—they won't help you any" and "they wouldn't do anything" merely had reference to what the company would do and were not final authoritative statements by Mobley on behalf of the company and within the

scope of his authority in rejecting or refusing to pay any claim that might be made. Admittedly no written notice of the collision or written claim was ever made to the company or any duly authorized agent to receive the same in accordance with the requirements of the policy.

An agent through whom an application for insurance was made or through whom insurance was procured cannot waive any conditions of the policy issued pursuant to the application. *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840, 843 (32 SE 579); *Lippman v. Aetna Ins. Co.*, 120 Ga. 247 (4) (47 SE 593); *Finleyson Bros. v. Liverpool &c. Ins. Co.*, 16 Ga. App. 51, 53 (84 SE 311); *Nalley v. Hanover Fire Ins. Co.*, 56 Ga. App. 555 (3) (193 SE 619); *Industrial Life &c. Ins. Co. v. Winn*, 59 Ga. App. 289 (1) (200 SE 452).

In the case of *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697 (2a) it is held that "where demand is made upon an agent or adjuster upon whom the insured is entitled to make it and the agent or adjuster merely informs the insured that the demand must be referred to the company for consideration and action, this does not amount to a refusal to pay upon which a waiver or estoppel can be based."

In view of the foregoing, it is our opinion, and it is so held, that the trial court did not err in granting the motion for summary judgment, and that its order and judgment in so doing should be affirmed.

2. Although not deemed necessary to the decision in this case, it is nevertheless interesting to note that Broadnax may have been an insured motorist and not an uninsured motorist.

As indicated in the foregoing opinion, the insurance policy in this case provides, among other things, for uninsured motorist coverage. Although the complaint for damages of Stubbs as plaintiff against Roosevelt Broadnax as defendant did not allege that Broadnax was an uninsured motorist, this was not required. The insurance company was given notice of the filing of that suit and was served with a copy thereof with the resulting suit for declaratory judgment. In this connection see *State Farm Mut. Auto. Ins. Co. v. Jiles*, 115 Ga. App. 193, 196 (154 SE2d 286).

In the amendment to his answer in the action for declaratory judgment, Stubbs attached "a copy of the interrogatories to be used in evidence and defendant Broadnax's answers to same as Exhibits A and B," being the interrogatories pro-

pounded by Stubbs to Broadnax in the damage suit, and which answers were verified under oath by Broadnax. Interrogatory 20 inquired of Broadnax the number of automobiles owned by him during the years 1962, 1963, 1964, 1965 and 1966 (1966 being the year of the alleged collision), and to this interrogatory Broadnax answered that he owned one automobile purchased in Phenix City, Alabama. Interrogatory 37 propounded the question, "Where did you purchase your automobile liability and/or collision insurance? Please state the name of the agency, the place at which it was purchased, the date of said purchase and your address as shown on said insurance policy." To this interrogatory Broadnax responded: "Can't remember name of agency." In interrogatory 38 inquiring as to his residence in his application for such liability insurance, Broadnax gave a street address in Columbus, Georgia. While interrogatory 37 was a double question in that it assumed the existence of automobile liability and/or collision insurance, from the answer it may be inferred that such insurance was or had been in existence, but it does not definitely appear that the insurance was in force at the time of the collision.

*Judgment affirmed. Jordan, P. J., concurs. Hall, J., concurs in judgment.*

ARGUED APRIL 8, 1969—DECIDED DECEMBER 2, 1969.

*Roberts & Thornton, Jack M. Thornton,* for appellant.
*Hatcher, Stubbs, Land & Rothschild, William B. Hardegree, E. Mullis Whisnant,* for appellees.