45949.   BURTON v. NATIONAL INDEMNITY COMPANY.

EVANS, Judge. Mrs. Mildred Burton, as plaintiff, filed suit against Robert A. Smith and R. A. Smith as defendants in the Superior Court of Fulton County on November 3, 1967, alleging that she had received personal injuries as the result of the negligence of the driver of an automobile owned by defendant Robert A. Smith, and judgment was rendered in plaintiff's behalf for $3,500 on November 26, 1969. Thereafter she filed suit against National Indemnity Company, alleging that it insured said de-

fendant Robert A. Smith under a liability automobile insurance policy, and that defendant was a Nebraska corporation, doing business in Georgia, with Mr. M. Cook Barwick, 2310 First National Bank Tower, Atlanta, Georgia, 30303, as its agent for service of process.

Defendant filed its answer, including an affirmative defense, and alleged that its insured had failed to comply with the following valid provision of the insurance policy, to wit: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." The defendant contended that it had no knowledge of or opportunity to defend the suit brought against its insured prior to judgment and that its insured thus forfeited any right of protection under said policy of insurance.

It was shown without dispute that the defendant insurance company was aware of the collision, and of plaintiff's contention that she had been injured therein as the result of the negligence of the driver of defendant's automobile, and its agent took a non-waiver agreement from Robert A. Smith, its insured, on April 5, 1966, respecting the insurance company's investigation of the collision.

Defendant, National Indemnity Company, filed a motion for summary judgment which was granted by the trial court and plaintiff appeals to this court. The main thrust of this case is: (1) Whether or not the insured co-operated with the insurer by giving notice of and the opportunity to defend the suit brought against them by the plaintiff; (2) Whether or not the motion for summary judgment and its supporting proofs eliminate all issues of fact on this question. *Held:*

In motions for summary judgment "the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397. The transcript and record in this case name three responsible agents of National Indemnity Company,

defendant, and suggest that there may be many others. The three named are: Honorable M. Cook Barwick, designated agent for service, Atlanta, Georgia; Mr. Veryl A. Rowson, Claims Examiner, Omaha, Nebraska; and Mr. Leo Cassidy, Claims Manager, Omaha, Nebraska.

While it is true that Leo Cassidy makes an affidavit and deposes: "National Indemnity Company received no notification of the suit filed by Mrs. Burton or of any action concerning the Smith-Burton accident until it received a letter dated January 16, 1970," and again, in the same affidavit, he deposes: "Neither National Indemnity Company *nor any of its agents* were at any time given notice of said suit by the insured, Robert A. Smith. The first notification of suit having been filed against the insured Robert A. Smith was received when National Indemnity Company received the above mentioned letter from Mr. Michael Russo (Exhibit G)." (Emphasis supplied.)

Exhibit G sets forth a letter addressed, not to Leo Cassidy, but to "Mr. Veryl A. Rowson, c/o National Indemnity Co., 2962 Harney Street, Omaha, Nebraska, 68131." So much of the affidavit of Cassidy as recited that "National Indemnity Company received no notification" is simply beyond the competence of the affiant. The summary judgment law requires that affidavits in support thereof "show affirmatively that the affiant is competent to testify to the matters stated therein." See § 56, CPA (Ga. L. 1966, pp. 609, 660; *Code Ann.* § 81A-156(c)) as to evidence under motions for summary judgment. *Hancock v. Hancock,* 223 Ga. 481, 487 (156 SE2d 354); *Chandler v. Gately,* 119 Ga. App. 513 (1a) (167 SE2d 697); *Brown v. Mutual Ben. Life Ins. Co.,* 29 Ga. App. 794 (6) (116 SE 559); *Watkins Products v. England,* 123 Ga. App. 179; *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, supra. See also *Aetna Life Ins. Co. v. Cash,* 121 Ga. App. 8 (172 SE2d 629), and cases cited at page 11.

Said affidavit completely fails to show how many agents said corporate defendant employed who were authorized to receive such notices, albeit same does show two corporate agents, with no showing whatever being made as to whether either one of them received notice of the suit filed against the insured, Robert A.

Smith. And, of course, so much of Cassidy's affidavit as stated "Neither National Indemnity Company *nor any of its agents* were at any time given notice of said suit" is beyond his competence as a witness, and could rise to no higher level than hearsay testimony. It was quite important to have the affidavit of the agent, Veryl Rowson, as it is shown that he is the agent of defendant who finally received the notice which defendant contends came too late. Further, inasmuch as this collision and suit occurred inside the State of Georgia, and inasmuch as the petition alleges and defendant's answer admits that it had an "agent for service of process" at 2310 First National Bank Tower (Mr. M. Cook Barwick), it was important to show that he did not receive such notice. The statute respecting appointment of agent to receive service of process of foreign corporations is shown in the New Corporation Code, § 22-1408 et seq. (Ga. L. 1968, pp. 565, 713, 715) and specifically, *Code Ann.* § 22-1410, provides that such persons shall "be an agent of such corporation upon whom any *process, notice, or demand* required or permitted by law to be served upon the corporation may be served in the manner provided by law for the service of a summons and complaint." (Emphasis supplied).

The burden was upon the defendant insurance company to prove its affirmative defense, to wit: lack of co-operation, by proving that it had not received notice of the suit, and in the motion for summary judgment the burden was upon it to show that no issues of fact remained in the matter as to said question. In this case, issues of fact remain, the motion for summary judgment was improperly granted, and this judgment is

*Reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 2, 1971—DECIDED FEBRUARY 24, 1971.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Charles M. Goetz, Jr.,* for appellant.

*Vandiver, Barwick, Bentley & Binford, Thomas S. Bentley, Warren W. Wells, Jr.,* for appellee.