46684.   MODESTINO v. ALLSTATE INSURANCE
COMPANY.

BELL, Chief Judge. 1. The appellant apparently through inadvertence attached her argument and citation of au-

thority to the enumeration of errors rather than incorporating it in Part II of her brief. See Rule 18 (c) (2). Under these circumstances, this court does not consider that the enumerations of error have been abandoned.

2. The plaintiff here, suing the defendant insurer for damage by hailstorm to the roof of a building covered under this policy, alleged in an affidavit opposing the defendant's motion for summary judgment that the damage was not discovered until a heavy rain fell which was some weeks after the hailstorm; that she then, and within 30 to 60 days from the date of the hailstorm, gave notice to a named agent from whom she had purchased the policy and who was the only person connected with the defendant corporation with whom she had had any dealings; that the agent "told her he would have the matter handled for her" and that thereafter several adjusters of the defendant corporation and a roofing supplier at their behest examined and tested the roof.

The policy provides in part: ". . . within 60 days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured. . . No suit or action on this policy for the recovery of any claim shall be sustainable unless all the requirements of this policy shall have been complied with. . . ."

The defendant's motion for summary judgment is based on the sole ground that no proof of loss was filed or waived, nor was the loss reported immediately or in writing. Affidavits of the defendant's property loss supervisor and an employee show that the latter received notice by telephone on August 3, 1970, and "that neither she nor Allstate Insurance Company had received any other notice of said loss which is now claimed to have occurred on March 31, 1970." So much of the affidavit as recited that Allstate Insurance Company had received no other notice is a conclusion beyond the competence of the affiant's testimony. *Burton v. National Indem. Co.,* 123 Ga. App. 402 (181 SE2d 107). There is no affidavit which would estab-

lish that the person plaintiff swears she notified was not in fact notified or was not an agent with real or apparent authority to receive notice. The plaintiff shows that the notice resulted in action because of the fact that an adjuster and a roofing supplier examined the roof on behalf of the defendant. This latter, of course, does not of itself constitute a waiver of proof of loss. *Code Ann.* § 56-2428 (3). But taken in connection with the assurance of the agent Dickson that he would handle the matter for the plaintiff and the presumption in Georgia that an adjuster sent to adjust a loss has the authority to waive proof of loss (*Aetna Cas. &c. Co. v. Sampley,* 108 Ga. App. 617, 623 (134 SE2d 71)), there are matters here which require jury resolution. Was the loss promptly reported on discovery? Did Dickson have apparent authority to "handle the matter" for the plaintiff? Did he in fact make this assurance to her, and, if so, would not good faith at least require that he inform her that another act (obtaining a proof of loss form, filling it out and returning it) remained to be performed before the insurer became liable under the terms of the policy? Did Dickson send out the insurance adjusters and the roofing supplier? For whom were they acting? Did this course of dealing cause the plaintiff to believe that she need not get out her insurance contract and read the fine print in order to ascertain whether she had in fact done what was required of her? The benefit of all reasonable doubts arising from these questions must be given to the plaintiff (*Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (181 SE2d 305)) and it cannot be said as a matter of law that nothing remains for jury determination.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Jordan, P. J., Deen, Evans and Clark, JJ., concur. Hall, P. J., Eberhardt, Pannell and Quillian, JJ., dissent.*

Argued November 1, 1971—Decided March 8, 1972.

James F. Becton, for appellant.

Kennedy & Sognier, John W. Sognier, for appellee.

EBERHARDT, Judge, dissenting in part. I am in agreement with Division 1 of the majority opinion, but I cannot agree with the holding in Division 2.

Modestino held a policy of fire and extended coverage insurance on a restaurant building. The extended coverage included loss by hail or windstorm.

In her petition plaintiff alleges that "on or about March 31, 1970, the roof structure . . . was severely damaged as a result of a heavy hailstorm, greatly damaging the roof and interior ceiling of said building," the repairing of which cost $2,002, and that "forthwith after the happening of said loss and damage, plaintiff gave notice thereof to the defendant, and has duly performed all conditions in said policy contained on her part to be kept and performed."

Defendant denied all allegations of the petition, save that it had issued to plaintiff a policy of insurance, copy of which was attached as an exhibit to plaintiff's petition. As affirmative defenses defendant asserted that plaintiff had failed to give notice of the loss as required by the policy, and had failed to file a proof of loss within 60 days after the loss as required by the policy.

The question here is whether the facts appearing disclose a waiver, or the absence thereof, of the filing of the proof of loss. Under my view they demand a finding that there has been no waiver, and since it is conceded that the policy provision was not otherwise complied with it must follow that a summary judgment for the defendant was proper.

It is the duty of a policyholder to read his policy and familiarize himself with its provisions, conditions, etc. *Security Life Ins. &c. Co. v. Gober,* 50 Ga. 404 (2); *Massey v. Cotton States Life Ins. Co.,* 70 Ga. 794. The policy here was issued to plaintiff June 30, 1967, and she had had it for a period of nine months before the loss is alleged to have occurred. Thus, she had ample time within which to ac-

quaint herself with its terms and provisions. *Thomson v. Southern Mut. Ins. Co.,* 90 Ga. 78 (15 SE 652). "It is presumed that the insured knew of the policy provisions." *Hatfield v. Colonial Life &c. Ins. Co.,* 102 Ga. App. 630, 632 (116 SE2d 900). "Having the policy in its possession prior to the fire plaintiff was charged with the knowledge of the terms and conditions of the policy. . ." *S. & A. Corp. v. Berger & Co.,* 111 Ga. App. 39, 40 (140 SE2d 509). Accord: *Fields v. Goldstein,* 97 Ga. App. 286, 288 (102 SE2d 921), affirmed in *Fields v. Goldstein,* 214 Ga. 277 (104 SE2d 337). Failure of an insured to acquaint himself with the policy provisions does not excuse his compliance with the requirements of the policy. *Equitable Life Assur. Soc. v. Adams,* 56 Ga. App. 5 (2) (192 SE 90).

Plaintiff, therefore, was not unaware of her obligation to give written notice of the loss to the company, and to file with it a sworn proof of loss.

Concerning the requirement of a written notice of the loss see *Stubbs v. State Farm Mut. Auto Ins. Co.,* 120 Ga. App. 750 (172 SE2d 441). A written notice of loss is called for by the policy, and is contemplated by the provisions of *Code Ann.* § 56-2427.

By her affidavit plaintiff says that the notice of the loss was by a telephone call made to the company's local agent. It is well settled that the local agent has no authority to waive any of the conditions or requirements of the policy. *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750, 757, supra, and cits.

But even if it be held that there was a waiver of the requirement of written notice of the loss when the company proceeded on the basis of the telephone call to investigate the loss (though this would be directly in the face of the provisions of *Code Ann.* § 56-2428), there is yet the requirement that a sworn proof of loss be filed, and none has been made or filed. The investigation of the loss by sending an adjuster out to ascertain the facts, or by having the roofing company go out to check it in an effort to determine the cause of the loss and the extent thereof, does not work a

waiver of the filing of the sworn proof of loss as required by the policy. *Code Ann.* § 56-2428 (3).

Even if the adjuster enters into negotiations for a settlement of the loss, there is no waiver of the filing of the proof of loss. *Code Ann.* § 56-2428 (3).

Certainly the evidence here indicates no more to have been done than the Code section provides may be done without working a waiver.

While it is true that we have held that an adjuster has authority to waive the requirement of a proof of loss, his authority to do so is limited to the period within which the proof is required to be filed. *Corporation Assur. &c. v. Franklin,* 158 Ga. 644, 652 (124 SE 172, 38 ALR 626). Here the insured says that the loss occurred March 31, 1970, and in her affidavit she asserts that notice was given to the local agent by telephone "within 30 to 60 days after the alleged damage occurred." Mary Jo Herrin, a secretary employed in the office of the local agent of the company, asserts in her affidavit that the telephonic notice was received by her August 3, 1970. Plaintiff asserts that it was after she gave the notice by telephone that the adjuster came out "together with roofing suppliers on behalf of the insurer examined and tested said roof with Mrs. Modestino's permission and cooperation,"—and that is all. There is no evidence that the adjuster ever discussed the matter of a proof of loss with her, or that he made any promises as to settlement or payment of the loss.

Although in the majority opinion it is indicated that a duty rests upon the adjuster to inform the insured that the policy requires the filing of the proof of loss, to obtain a form for doing so, fill it out and return it to her, this is in direct conflict with the provisions of *Code Ann.* § 56-2427, which provides that the insurer shall furnish "*upon written request* of any person claiming to have a loss under an insurance contract issued by such insurer, forms for proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion

of such proof or the manner of any such completion or attempted completion. Failure or refusal to furnish such form upon written request or written notice of a loss shall constitute waiver of the right of the insurer to require proof of loss."

Plaintiff's asserting that the local agent's statement that he "would handle the matter for her," even if a waiver of the notice requirement, cannot amount to a waiver of the sworn proof of loss. *State Farm Mut. Auto. Ins. Co. v. Cates,* 81 Ga. App. 141 (58 SE2d 216). He has no authority to bind the company by an agreement as to the loss, its amount and to promise payment *(National Fire Ins. Co. v. Farris,* 63 Ga. App. 479 (11 SE2d 427)), or by expression of opinion as to what the company would do. *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21 (147 SE2d 5).

Even an admission of liability by the company does not obviate the necessity for or work a waiver of the requirement of the filing of a sworn proof of loss. *Southern Ins. Co. v. Martin,* 118 Ga. App. 608 (164 SE2d 887).

The filing of the proof of loss, unless waived, is a condition precedent to the arising of liability under the policy. *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697 (4) (172 SE2d 159).

The evidence demanded the summary judgment, and I find no error.

I am authorized to state that Presiding Judge Hall concurs in this dissent.

PANNELL, Judge, dissenting. The trial judge granted a summary judgment in favor of the defendant in an action upon a casualty insurance policy. The plaintiff-appellant appealed to this court. The brief of the appellant consists of two pages containing a short statement of fact relating to the pleadings and the time of the various motions, etc. Next appears the "Statement of Issue" as follows: "The issue to be determined in this case is whether the trial judge erred in granting the Motion for Summary Judgment under allegations of complaint considered in light of appellant's response in opposition to Motion for Summary Judgment."

The brief contains no argument or citations of authority or any discussion of the facts as shown by the evidence produced upon the summary judgment hearing. The only argument of any kind or character is contained in appellant's enumeration of errors filed separately from his brief (as required by our rules), but the enumeration of errors was not repeated or shown in his brief, as required by our rules. Under these circumstances, the enumeration of errors should be considered as abandoned, and the judgment of the trial court should be affirmed. *Edwards v. Johnson,* 122 Ga. App. 462 (1) (177 SE2d 490).

I am authorized to state that Judge Quillian concurs in this dissent.